UNITED STATES, Appellee,

v.

Specialist Four Stephen E. REEDY, SSN
225–88–4699, United States
Army, Appellant.

CM 435764.

U. S. Army Court of Military Review.

12 Sept. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Demmon F. Canner, JAGC, and Captain John H. Milne, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Sherwood, Jr., JAGC, Major Steven M. Werner, JAGC, and Captain Stephen S. Phillips, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant alleges that the guilty plea in this case is improvident because the military judge's inquiry failed to comply completely with the requirements announced by the United States Court of Military Appeals in *United States v. Green*, 1 M.J. 453 (1976).

As I read the *Green* requirements, the trial judge, as part of the providency inquiry in a guilty plea case:

1. must assure on the record that the accused understands the meaning and effect of *each* condition in the pre-trial agreement (emphasis from the *Green* decision),

2. must obtain the same assurance from the accused concerning the sentence limitations,

3. must secure from counsel for both sides their assurance that the written agreement incorporates all terms and conditions and,

4. must also secure counsel's concurrence that his interpretation of the agreement comports with theirs.

■ I have reviewed this record and, following the guidance provided by *United States v. Crowley*, 3 M.J. 988 (A.C.M.R. 1977 en banc),* find by direct response

---

* In *Crowley*, this Court held that affirmative responses from counsel were required, either on the record or in post-trial affidavits, to the effect that the written agreement incorporates

or justifiable inference that the first *Green* inquiry has been satisfactorily covered and answered. The record fails to reflect compliance with the other inquiries.

■ Prior to passing sentence, the trial judge asked both counsel and appellant if the quantum portion of the pretrial agreement "states your agreement." Each counsel and appellant answered "yes." After passing sentence, the trial judge looked at the quantum portion but asked no further questions in order to determine whether appellant understood its meaning and effect. The quantum portion provides that:

"The Convening Authority will suspend all confinement in excess of three months if a Bad Conduct Discharge or a Dishonorable Discharge is adjudged. If no discharge is adjudged, the Convening Authority will suspend all confinement in excess of eight months."

To merely determine that the quantum portion of the agreement represents the agreement of the parties raises the question of whether there was another agreement concerning the period of the suspension of confinement which was not incorporated in the written agreement. I recognize the possibility that trial and defense counsel by their affidavits might establish that neither counsel had any secret agreements and that the written pretrial agreement encompasses all of the understandings of the parties. *Crowley, supra.* In that case it would be readily apparent that appellant did not understand the meaning and effect of the quantum portion because it omits entirely the length of time certain confinement of appellant would be suspended. Either result—a written agreement that does not incorporate all the terms and conditions of the plea bargain or a period of suspension impossible to determine if there are no other agreements—is unacceptable.

all terms and conditions of the agreement. This Court also held in *Crowley* that substantial compliance with the other *Green* requirements is sufficient. We require a sufficiently high level of compliance with the other requirements, so that we can assure ourselves from

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge DeFORD absent.

COOK, Senior Judge, concurring in the result:

I concur essentially with Judge Dribben's analysis. However, as I view the trial judge's failure as even more fundamental than the one described by my brother judge, I desire to set forth my own observations.

The quantum portion of this agreement provides:

"The Convening Authority will suspend all confinement in excess of three months if a Bad Conduct Discharge or a Dishonorable Discharge is adjudged. If no discharge is adjudged, the Convening Authority will suspend all confinement in excess of eight months.

The table of equivalent punishments does not apply."

The trial judge's sole attempt to "shoulder the primary responsibility for assuring on the record that [the] accused underst[oo]d the meaning and effect of . . . the sentence limitations . . ." * was to have the quantum portion of the agreement placed in front of appellant and to inquire of him "Does that state your agreement?" and "Does anyone have any questions about that?"

In my opinion this inquiry falls far short of what was mandated by the *Green* decision and is prejudicially deficient even under the interpretive criteria contained in this Court's *en banc* opinion in *United States v. Crowley*, 3 M.J. 988 (A.C.M.R. 1977). While the terms of this agreement as to the sentence may appear simple and easily understood upon a casual first

the record, by direct response or justifiable inference, that all of the other required inquiries have been satisfactorily covered and answered.

* *United States v. Green*, 1 M.J. 453, 455 (1976).

reading by any attorney versed in military legal practice, such is not the caliber of the individuals with whom we and the *Green* opinion are concerned. To a lay accused the terminology used to frame this agreement is in all probability unadulterated arcanum. In any event, it was incumbent upon the trial judge to assure that appellant did understand the agreement, and he failed to do so. Consequently, I join Judge Dribben in returning the case for a rehearing.