**UNITED STATES, Appellee,**

v.

**Specialist Four Rowland L. OATES, SSN 243–90–7375, United States Army, Appellant.**

**CM 435816.**

U. S. Army Court of Military Review.

29 Sept. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Demmon F. Canner, JAGC, and Captain William L. Finch, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Captain Gary F. Thorne, JAGC, and Captain Laurence M. Huffman, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant alleges that the guilty plea in this case is improvident because the military judge's inquiry failed to comply completely with the requirements announced by the United States Court of Military Appeals in the decision of *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976). The quantum portion of the pretrial agreement provides that the convening authority will suspend any punitive discharge and confinement in excess of nine months adjudged by the court-martial. No period of time for the suspensions to run was included in this agreement nor did the trial judge make any inquiries about this omission.

Affidavits have been secured from counsel for the accused and the prosecutor. Those affidavits reflect that neither counsel had any secret agreements and the written agreements contained all the provisions surrounding the agreement. These affidavits have been included with the record. We are therefore assured that no secret agreements were made in this case. *See United States v. Crowley*, 3 M.J. 988 (A.C.M.R. 20 July 1977 *en banc*).[1] These affidavits, however, do not resolve the question of the duration of the suspensions required of the

---

1. In *Crowley*, this Court held that affirmative responses from counsel were required, either on the record or in post-trial affidavits, to the effect that the written agreement incorporates all terms and conditions of the agreement. This Court also held in *Crowley* that substantial compliance with the other *Green* requirements is sufficient. We require a sufficiently

convening authority. Without more we would be constrained to hold that a period of suspension impossible to determine is unacceptable. We need not so hold under the circumstances of this case.

Appellant, personally, in a post-trial petition for clemency, favorably considered by the convening authority, requested suspension of all of the adjudged confinement.[2] He specified no duration whatsoever of the suspension requested nor did he address this matter regarding suspension of his punitive discharge. It appears, therefore, that appellant was aware of and willing to accept a period of suspension left to the discretion of the convening authority. We accept this as a sufficient clarification of the ambiguity within the quantum portion of the pretrial agreement.

Having reviewed this record under the criteria of *Crowley, supra*, we find substantial compliance with the *Green* guidelines and find the plea of guilty was provident.

The Court, having found the approved findings of guilty and the sentence correct in law and fact and, having determined on the basis of the entire record, that they should be approved such findings of guilty and the sentence are affirmed.

Senior Judge COOK and Judge DeFORD concur.

high level of compliance with the other requirements, so that we can assure ourselves from the record, by direct response or justifiable inference, that all of the other required inquiries have been satisfactorily covered and answered.

2. The convening authority on 4 March 1977 suspended execution of the adjudged bad-conduct discharge and the six month period of confinement until 18 July 1977 with provision for automatic remission.