UNITED STATES, Appellee,

v.

Private (E-2) George PRICE, SSN 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, United States Army, Appellant.

CM 436418.

U. S. Army Court of Military Review.

27 Feb. 1978.

---

Captain Allan T. Downen, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Larry D. Anderson, JAGC.

Captain Richard A. Kirby, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Steven M. Werner, JAGC, and Captain Nancy Battaglia, JAGC.

Before FULTON, MOUNTS and TAL-IAFERRO, Appellate Military Judges.

## OPINION OF THE COURT

MOUNTS, Judge:

Appellant alleges that his plea of guilty was improvident since the military judge failed to make a complete inquiry into the accused's understanding of the following condition in the pretrial agreement:

> "The convening authority agrees to suspend any sentence in excess of a dishonorable discharge, total forfeiture of all pay and allowances, reduction to the grade of E–1 and confinement at hard labor for eight (8) years."

The military judge sentenced appellant to a dishonorable discharge, total forfeitures, reduction to E–1, and confinement at hard labor for 20 years.

The military judge read the above portion of the limitation to appellant after announcing the sentence. Appellant agreed that this was a correct statement of the terms in the sentence limitation section of the pretrial agreement. However, the military judge did not advise appellant that no time for the period of suspension was stated. The time for the period of suspension was left to the discretion of the convening authority, which he exercised by suspending the excess confinement for eight years. The appellant argues that the failure of the military judge to advise the appellant violates the Court of Military Appeals guidelines found in *United States v. Green.*[1] The appellant, further, alleges that *Green* did not separate the pretrial agreement into conditions of the agreement and sentence limitations. The military judge must, therefore, assure that the accused understands the meaning and effect of the conditions contained in the agreement as well as

---

1. 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976).

the sentence limitations. The Court of Military Appeals stated in *Green* that it will consider the failure to conduct such an inquiry as a matter affecting the providence of the accused's plea. In addition, the United States Army Court of Military Review has held that the failure of an agreement to state a period of suspension is unacceptable under the *Green* requirements and the plea is therefore improvident.[2]

 The appellant's contentions in this case are overbroad. In our opinion the plea of guilty was provident and any possible error would only affect the sentence. The written agreement did not have to contain a provision regarding the length of the suspension to be valid. Military law already contains certain limitations which affect the length of the suspension of a sentence.[3] These limitations provide automatic safeguards for the accused which properly limit the discretion of the convening authority. In this case the military judge assured on the record that appellant understood the sentencing provisions of his pretrial agreement. The length of the period of suspension was not a provision or condition of the agreement. The military judge was not obligated under *Green* to discuss provisions which are not contained in the agreement.

It is possible that the appellant may not have understood the complete effect of the sentence limitation. However, there are many collateral areas in regard to a quantum sentence limitation which the accused may not fully understand. Questions concerning the effect of the sentence as to where the accused will be confined, possible chances for early release, conditions applicable to rehabilitation and other factors are of concern to the accused but not required by law to be discussed or explained by the military judge. This is appropriate, because some areas of inquiry should still remain the sole responsibility of the trial defense counsel and full reliance on the professional ability of the trial defense

counsel is properly assumed. No period of suspension was stated in the agreement and defense counsel stated when queried by the military judge that no other agreements existed. It, therefore, appears that the defense counsel and the accused made a tactical decision to permit the convening authority to use his discretion as to this matter.

 Assuming, arguendo, that the military judge should have inquired as to the length of the suspension, we still do not find that such a failure would affect the providency of this plea. There is no doubt from this record that this accused is in fact guilty. There is no doubt that he has been afforded full military due process considerations in reaching that conclusion. To say that, under these circumstances, a rehearing as to the findings is still necessary is to penalize the Government without just cause. This alleged omission by the military judge extends to a provision which by implication and by its very nature could only affect the operation of the sentence and not the providency of the plea. In guilty plea cases, where there is a sentence problem and the military judge misstates the possible maximum sentence, we are told by the United States Court of Military Appeals in *United States v. Harden*,[4] to find the plea improvident only if there is a substantial misunderstanding on the part of the accused as to the correct maximum punishment. In our case, even if the trial defense counsel had failed to explain to the accused the possible discretion left with the convening authority as to the period of suspension, the lack of this knowledge alone should not be construed as a substantial misunderstanding as to the possible sentence or its effect. There appears to be no reason to afford an accused with a pretrial agreement more than equal treatment under the law when compared with an accused without a pretrial agreement. We, therefore, find that the plea was provident. In

**2.** *United States v. Reedy*, 4 M.J. 505 (A.C.M.R. 1977).

**3.** Paragraph 88e, Manual for Courts-Martial, United States, 1969 (Revised edition).

**4.** 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976).

addition, we find that the period of suspension was reasonable. It was a period which the accused and his defense counsel should have anticipated to be an appropriate period of suspension in this case. Consequently, no change in the approved period of suspension is warranted.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge TALIAFERRO concur.