580

UNITED STATES, Appellee,

v.

Private First Class David M. HILL, SSN 393–70–4546, United States Army, Appellant.

SPCM 13734.

U. S. Army Court of Military Review.

30 March 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Grifton E. Carden, JAGC, and Captain William L. Finch, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Michael C. Chapman, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Judge:

Pursuant to a pretrial agreement, the appellant pleaded guilty to being absent without authority, disobeying a noncommissioned officer and breaching restraint by absenting himself from the correctional custody facility. The approved sentence necessitates review of the case by this Court.

The appellant now claims that his plea of guilty is improvident for two reasons. First, since the convening authority suspended the bad-conduct discharge for four months and because neither the written agreement nor the trial judge mentioned the period of suspension, there was a *sub rosa* arrangement that was not discussed during the providency inquiry. Secondly, the plea is unacceptable because the bargained agreement contains a provision contrary to law and public policy, to wit: the agreement becomes invalid if the appellant pleads not guilty at a rehearing directed by the convening authority.

The appellant's assertions lack merit. Where, as here, the providency inquiry satisfies the standards set forth in *United*

*States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the failure of the trial judge to strictly comply with the requirement of *United States v. King,* 3 M.J. 458 (C.M.A. 1977) and *United States v. Green,* 1 M.J. 453 (C.M.A.1976) is a matter that affects the providence of the plea. However, a plea of guilty will not be declared improvident unless the appellant demonstrates to this Court that the failure by the trial judge to strictly comply with the mandates of *King* and *Green* has caused harm to him. To the contrary, in this case the suspension of the discharge for only four months benefitted the appellant and since no rehearing has been directed, the complained of provision is nugatory. This Court will not grant relief to the appellant on an illusive basis.

Accordingly, the findings of guilty and sentence are affirmed.

Senior Judge MITCHELL concurs.

DRIBBEN, Judge, concurring in part and dissenting in part:

I

Appellant's pleas of guilty were entered pursuant to his pretrial agreement with the convening authority. A provision of this instrument provides in part that the agreement will be automatically cancelled if appellant's pleas to the instant charges and specifications are changed from guilty to not guilty by appellant or on his behalf after trial in any rehearing directed by the convening authority. I concur with majority's conclusion that appellant's pleas were not rendered improvident by inclusion of this provision in the agreement. *United*

*States v. Stoutmire,* 5 M.J. 724, 726 (A.C.M.R.1978).[1]

II

The quantum portion of appellant's pretrial agreement states that "The Convening Authority agrees that if a Bad Conduct Discharge is adjudged, he will suspend the discharge." Although the military judge determined that this quantum portion represented the agreement of the parties, he asked no further questions to determine whether appellant understood its meaning and effect as to the duration of the suspension. For the reasons set forth in my opinion in the case of *United States v. Reedy,* 4 M.J. 505 (A.C.M.R.1977), I believe this omission by the trial judge invalidates the findings and sentence.

The opinion of another panel of this Court in the case of *United States v. Price,* 4 M.J. 849, *pet. denied* 5 M.J. 300 (CMA 1978),[2] upon which the Government relies, does not regard the foregoing omission as error. The thrust of that opinion appears to be that duration of a suspension has no effect on a guilty plea. This could be the fact. Nevertheless it must be made a matter of record as it was in the case of *United States v. Oates,* 4 M.J. 568 (A.C.M.R.1977). If it is not so established, I do not believe that reading the length of a suspension clear out of a pretrial agreement meets the requirement of *United States v. Green,* 1 M.J. 453 (1976) that the trial judge as part of the providency inquiry in a guilty plea case, must assure on the record that the accused understands the meaning and effect of *each* condition in the pretrial agreement and the sentence limitations (emphasis from the *Green* decision).

---

1. Petition for Review has been granted by the United States Court of Military Appeals on a related issue in *United States v. Dougherty,* C.M. 437329 (A.C.M.R. 26 October 1978), *pet. granted* No. 36,846 (C.M.A. 28 February 1979); *United States v. Thomas,* 6 M.J. 573 (A.C.M.R. 1978), *pet. granted* No. 36,676 (C.M.A. 17 January 1979); *United States v. Hill,* C.M. 436858 (A.C.M.R. 2 August 1978), *pet. granted* No. 36,430 (CMA 13 November 1978). That Court has also denied a petition on this issue. *United*

*States v. Gibson,* C.M. 437309 (A.C.M.R. 31 October 1978), *pet. denied* No. 36,731 (31 January 1978), *motion for reconsideration denied* (C.M.A. 14 March 1979).

2. "[D]enial of a petition is of *no precedential* value and should not be cited, except as a matter of appellate history, or relied upon as authority." *United States v. Mahan,* 1 M.J. 303, 307, n.9 (CMA 1976).

I would set aside the findings and sentence and authorize a rehearing.