UNITED STATES, Appellee,

v.

Private First Class Gregory PANIKOW-
SKI, SSN 262–45–7126, United States
Army, Appellant.

UNITED STATES, Appellee,

v.

Private (E–1) Jeffrey D. TOLLERSON,
SSN 458–21–4629, United States
Army, Appellant.

CM 438591, CM 438808.

U. S. Army Court of Military Review.

11 Feb. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Captain Kevin E. O'Brien, JAGC, and Captain H. Franklin Young, III, JAGC, were on the pleadings for appellant Panikowski.

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Captain Brian X. Bush, JAGC, and Captain Glenn D. Gillett, JAGC, were on the pleadings for appellee.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Kevin E. O'Brien, JAGC, and Captain Edwin S. Castle, JAGC, were on the pleadings for appellant Tollerson.

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Captain Harry J. Gruchala, JAGC, and Captain Robert D. Higginbotham, JAGC, were on the pleadings for appellee.

Before FULTON, WATKINS and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

We have consolidated these cases for purposes of our decision because on similar facts they present the same dispositive issue. In each case, the appellant, charged with violating the Uniform Code of Military Justice, 10 U.S.C. § 801 et seq. (1976), entered into an agreement with the convening authority to plead guilty on condition that the latter suspend a specified portion of the sentence for a period "to begin with the date of action." In each case, the convening authority has suspended a portion of the sentence, but his action does not internally state the date from which the period of suspension is to run.

■ The appellants view the apparent failure to specify a date for the beginning

of the suspension period as creating an ambiguity; that is, the probationary period could begin retroactively on the date sentence was adjudged or on the later date when the action was taken. Such an uncertainty, they urge, must be resolved in favor of retroactivity, for the benefit of the appellant. *United States v. Flood*, 2 U.S.C.M.A. 114, 117, 6 C.M.R. 114, 117 (1952) (Brosman, J., concurring); *United States v. Matarazzo*, 48 C.M.R. 700, 701 (A.C.M.R. 1974); *United States v. Mason*, 16 C.M.R. 795, 797 (A.F.B.R.1954).[1]

Appellant Panikowski pleaded guilty to conspiring to commit larceny and several consummated larcenies of Army property in violation of Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921 (1976). He was sentenced on 4 June 1979 to a bad-conduct discharge, confinement at hard labor for three years, forfeiture of $300.00 pay monthly for three years and reduction to the grade of Private E–1. The convening authority had agreed to suspend, from the date of his action, all confinement in excess of ten months for a period of ten months. Instead, as a matter of clemency, in his action dated 31 August 1979 the convening authority suspended all confinement in excess of eight months for a period of ten months and also suspended the bad-conduct discharge. (Subsequent actions by the commander of the Army Retraining Brigade have remitted the confinement, but the bad-conduct discharge remains suspended).

■ Appellant Tollerson pleaded guilty to attempting to steal a wallet from a fellow soldier in violation of Article 80 of the Code, 10 U.S.C. § 880 (1976). The convening authority had agreed to suspend for an unstated period from the date of the action all confinement at hard labor in excess of

1. This Court may, however, look to his staff judge advocate's post-trial review in an attempt to determine a convening authority's meaning. *United States v. Nastro*, 7 U.S.C.M.A. 373, 377, 22 C.M.R. 163, 167 (1956) (Quinn, C. J., dissenting). Moreover, not all ambiguities are necessarily resolved in favor of the accused. *See, e.*

g., *United States v. McDaniel*, 7 U.S.C.M.A. 56, 21 C.M.R. 182 (1956) (convening authority directed to make his approval of bad-conduct discharge express); *see also*, Manual for Courts-Martial, United States, 1969 (Revised edition), par. 89*b*.

thirteen months.[2] Tollerson was sentenced on 9 August 1979 to confinement at hard labor for one year, total forfeitures, and a bad-conduct discharge. Although obliged by the plea bargain only to suspend confinement in excess of thirteen months, the convening authority, in his action dated 16 October 1979, suspended all confinement in excess of seven months and forfeitures in excess of $275.00 per month for a period of seven months.

The questions thus presented are whether Panikowski's probationary period, during which the suspension of his discharge is subject to being vacated, runs until 3 April 1980 or until 30 June 1980, and, likewise, whether Tollerson risks vacation of the suspension of his discharge and unserved confinement only until 8 March 1980 or until 15 May 1980.

We find no ambiguity or uncertainty in the convening authorities' actions. In each case, it is the later of the two dates because the suspension became effective only on the date the convening authority promulgated his action pursuant to Articles 60, 64, and 71(d) of the Code, 10 U.S.C. §§ 860, 864, 871(d), *supra*.

A convening authority's power of suspension arises "[a]t the time he approves a sentence." Manual for Courts-Martial, United States, 1969 (Revised edition), par. 88*e*; *see also id.*, par. 97*a*. As the Court of Military Appeals has observed in a related context, "[N]o suspension exists until the convening authority takes his action on the record. Until then, the sentence is inchoate . . . ." *United States v. Goode*, 1 M.J. 3, 5 (C.M.A.1975). Additionally, we note that the convening authority's action does not take effect until it is published or the accused is otherwise officially notified of it. Manual for Courts-Martial, *supra*, par. 89*b*; *United States v. Watkins*, 4 C.M.R. 245, 249 (A.B.R.1951).[3]

Accordingly, we believe that, if a suspension itself, or the period by which its duration is to be measured, is to take effect at a date other than the effective date of the convening authority's action, his action must expressly so state. *See e. g., United States v. May*, 49 C.M.R. 625, 627 (A.C.M.R. 1974) (involving future suspension).[4] The fact that confinement, when adjudged, begins to run from the date of sentencing, does not compel a different conclusion. *See United States v. Varnado*, 7 U.S.C.M.A. 109, 112–13, 21 C.M.R. 235, 238–39 (1956); *cf. United States v. Moore*, 19 U.S.C.M.A. 274, 41 C.M.R. 274 (1970); *compare United States v. Cox*, 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972), *with United States v. Williams*, 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972) (interim misconduct does not automatically avoid agreement to suspend, but may be basis for vacation proceeding thereafter); *also cf. United States v. Goode*, 1 M.J. 3, 5 (C.M.A.1975) (agreement conditioned on refraining from misconduct).

Therefore, this Court will not afford the relief requested (we are asked to amend the convening authority's action or otherwise direct that the suspensions were effective on the date of sentencing) unless there was an express agreement or an understanding implied from the circumstances that the suspensions would take effect at an earlier date.

2. The fact that no specific period of suspension was agreed to vitiates neither the agreement nor the plea. *United States v. Price*, 4 M.J. 849 (A.C.M.R.1978); *accord, United States v. Hill*, 7 M.J. 580 (A.C.M.R.1979). *But see United States v. Oates*, 4 M.J. 568 (A.C.M.R.1977).

3. The Manual rule seems consistent with the longstanding rule that orders individual in their operation become effective only on delivery, actual or constructive to the person concerned. *See United States v. Bennett*, 4 U.S.C.M.A. 309, 312–13, 15 C.M.R. 309, 312–13 (1954); *see also* Opinion JAGA 1947/2897, 4 April 1947, in VI Bull. JAG 65 (1947); Opinion SPJGA 1946/1485, 21 January 1946, in V Bull. JAG 37 (1946) (remission not effective until actual or constructive notice).

4. We need not decide whether purported retroactivity would place the period of suspension in effect within the meaning of Article 72 of the Code, 10 U.S.C. § 872 (1976), or merely identify a benchmark from which the date of automatic remission could be determined. That question seems largely academic in the light of *United States v. Williams*, 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972).

As our recital of the facts has indicated, there was no agreement between either of the appellants and his convening authority that a suspension would take effect as of the date of sentencing. *See United States v. Sanchez*, 4 M.J. 597 (N.C.M.R.1977).[5] Nor is this a situation in which a convening authority failed to keep his agreement to suspend the sentence so that relief at this level would be required. *United States v. Cox*, 45 C.M.R. 572 (A.C.M.R.), *aff'd*, 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972).[6]

Therefore, finding neither legal nor factual implication that the suspensions in these cases would be effective at any time other than the date on which actions of the convening authorities took effect in the light of paragraph 89*b* of the Manual for Courts-Martial, *supra*, we decline to grant the relief requested.[7]

As to the appellant Panikowski, the findings and sentence are affirmed.[8]

As to the appellant Tollerson, the findings and sentence are affirmed.[9]

Judge WATKINS and Judge LEWIS, concur.

---

5. In fact, the agreement between each appellant and the convening authority was that the suspension would take effect on the date of the action. It seems to us that the fact that the convening authority suspended more punishment than originally agreed (O Justice, where is thy sting?) does not entitle an appellant to expect that in addition the suspension will be made retroactive.

6. *Cf. United States v. Stewart*, 46 C.M.R. 475, 478–79 (N.C.M.R.1972) (retroactivity of a suspension reiterated in new review and action).

7. Counsel in each case have urged upon us an unpublished decision of the U.S. Navy Court of Military Review in which the Court said:
We also note that the action of the supervisory authority fails to indicate whether the suspension of the bad-conduct discharge runs from the date of trial or the date of the action. We will interpret this most favorably to the appellant.
*United States v. Myers*, N.C.M. 79 0961 (N.C.M.R., 31 July 1979).
As this opinion indicates, we would not agree with the Navy court unless there are factual differences we do not perceive.

8. We have considered appellant's additional assignment of error pertaining to the admissibility in presentencing proceedings of a record of prior nonjudicial punishment. The assignment of error is nonmeritorious. *United States v. Howard*, 7 M.J. 962 (A.C.M.R.1979).

9. We have considered and reject appellant's contention that his sentence to a punitive discharge is too severe.