UNITED STATES

v.

**Bruce J. ELLIOTT, 149 58 3041, Private First Class (E-2), U. S. Marine Corps.**

**NCM 80 2112.**

U. S. Navy Court of Military Review.

Sentence Adjudged 26 March 1980.

Decided 21 Jan. 1981.

CDR Walter J. Landen, Sr., JAGC, USN, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and EDWARDS, JJ.

EDWARDS, Judge:

Appellant was tried before a special court-martial consisting of members. Upon his pleas of guilty he was found guilty and sentenced to 6 months confinement at hard labor, forfeiture of $200 per month for 6

months, reduction to pay grade E–1, and discharge from the Marine Corps with a bad-conduct discharge. The convening authority approved the sentence but suspended all confinement and the bad-conduct discharge for one year. The supervisory authority approved the sentence as approved and partially suspended by the convening authority.

While going over the provisions of the pretrial agreement with appellant at trial, the military judge noted that the agreement made no mention as to when the suspension of the bad-conduct discharge and confinement in excess of three months would take effect. He found this to be an ambiguity and resolved it in appellant's "favor," declaring that the suspension would take effect for one year from the date of trial.

Appellant now complains that neither the convening nor supervisory authority's actions give effect to the military judge's determination. The government interposes no objection to the assignment of error but asks that military judges be reminded as to the state of the law when the pretrial agreement is silent on the effective date of a suspension of sentence.

■ We must acknowledge initially that the military judge has the responsibility to police the terms of a pretrial agreement to ensure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness. *United States v. Elmore*, 1 M.J. 262, 264 (C.M.A.1976). Flowing therefrom, the military judge has the power to modify by judicial order a pretrial agreement after it has been made. *United States v. Lanzer*, 3 M.J. 60, 62 (C.M.A.1977). If there are no defects in the agreement he must uphold the agreement as clearly intended in its express wording and cannot extend the agreement by addition or implication of terms not embraced in the expressed wording or in violation of military due process. *United States v. Partin*, 7 M.J. 409, 412 (C.M.A.1979).

■ In the case *sub judice* we find that the military judge acted within his authority. While the agreement did not include within its express wording the effective date of the suspension, his addition of terms did not violate military due process and therefore fell within the disjunctive teachings of *Partin*. We shall correct the sentence in our action.

■ Although the military judge has been granted great power in this area he must be keenly aware of his even greater responsibility to ensure compliance with existing law. Senior Judge Fulton, in *United States v. Panikowski*, 8 M.J. 781 (A.C.M.R. 1980), very succinctly set out the existing law as to when suspended sentences take effect absent an agreement between the accused and his convening authority. We adopt the reasoning of *Panikowski*, that absent such an agreement or an understanding implied from the circumstances, suspension of sentence takes effect at the date of the convening authority's action. Military judges under these circumstances should endeavor to obtain the understanding of the parties and not unilaterally impose an interpretation upon the parties which is contrary to the law concerning suspended sentences.

The findings as approved on review below are affirmed. The sentence as approved below, ordered executed and partially suspended for one year from date of trial, is approved.

Senior Judge BAUM and Judge PRICE concurs.