UNITED STATES, Appellee,

v.

Sergeant Michael T. GOODEN,
180–58–5070, United States
Army, Appellant.

SPCM 22493.

U.S. Army Court of Military Review.

19 Dec. 1986.

**722**

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Lida A. Stout, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Denise K. Vowell, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before FELDER, RICHARDSON and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

RICHARDSON, Judge:

Appellant was tried by a military judge sitting as a special court-martial. Consistent with his pleas, he was convicted of drunk driving and possession of cocaine in violation of Articles 111 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 911 and 912a (Supp. II 1984). Appellant was sentenced to a bad-conduct discharge, confinement for five months, forfeiture of $426.00 pay per month for five months, reduction to the grade of Private E–1, and a reprimand. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for two months, forfeiture of $426.00 pay per month for two months, reduction to the grade of Private E–1, and a reprimand. The reprimand was executed in the convening authority's action.

Appellant contends that the convening authority erred by approving punishment in excess of that which was provided for in the pretrial agreement. Appellant also contends that the military judge erred by failing to determine fully the applicability of the pretrial agreement to the adjudged sentence. We agree with both contentions.

## I. The Providence Inquiry

The pretrial agreement provides that the convening authority may approve a sentence not in excess of a bad-conduct discharge, confinement for two months, forfeiture of two-thirds pay per month for two months, and reduction to the grade of Private E–1. After the sentence was announced, the military judge discussed the effect of the pretrial agreement, but he and the trial counsel expressed uncertainty as to whether the reprimand could be approved. The military judge chose to leave the question unresolved and uncertain.

The military judge had a duty to ensure, *inter alia*, that the appellant understood the sentencing limitations in the pretrial agreement, and that both counsel's interpretation of the pretrial agreement were the same as the military judge's interpretation. *United States v. King*, 3 M.J. 458 (C.M.A.1977); *United States v. Green*, 1 M.J. 453 (C.M.A.1976). The military judge did not fulfill this duty because he failed to determine whether the pretrial agreement permitted the convening authority to approve the adjudged reprimand.

The military judge's failure to resolve the effect of the pretrial agreement is a matter that affects the providence of the appellant's pleas of guilty. *King; Green; United States v. Hill*, 7 M.J. 580 (A.C.M.R. 1979). However, pleas of guilty will not be declared improvident unless the appellant has been harmed. *United States v. Craig*, 17 M.J. 540 (A.C.M.R.1983); *United States v. House*, 15 M.J. 1007 (A.C.M.R.1983); *Hill*. Thus, the question becomes whether appellant has been harmed by the trial judge's error.

The military judge did discuss fully all other aspects of appellant's sentence and how they were affected by the pretrial agreement. Uncertainty only existed as to how the adjudged reprimand was affected. The trial defense counsel's only question at trial pertained to the amount and length of forfeitures; his only post-trial submissions to the convening authority concerned the

appropriateness of a bad-conduct discharge. Trial defense counsel obviously viewed the impact of the reprimand as minimal, as did the judge. In view of the otherwise thorough inquiry, we find that the military judge's failure to clarify whether a reprimand could be approved under the terms of the pretrial agreement resulted in no material prejudice to the appellant and did not affect the providence of his pleas. The military judge having complied with the pretrial agreement inquiry prescription in all other respects, his omission concerning the reprimand constituted harmless error.

## II. The Convening Authority's Action

█ The question remains as to whether the convening authority could approve the reprimand under the terms of the pretrial agreement. The convening authority agreed to approve no sentence in excess of specified limits. In his action the convening authority approved punishment which equaled those specified limits plus a reprimand. However, a pretrial agreement "does not preclude the convening authority from approving types of punishment not specifically mentioned. The convening authority's action is valid so long as the approved sentence, considered as a whole, is not more severe than that agreed upon." [1] *United States v. Schoemaker,* 11 M.J. 849, 852 (A.C.M.R.), *petition denied,* 12 M.J. 299 (C.M.A.1981); *see also United States v. Brice,* 38 C.M.R. 134 (C.M.A.1967); *United States v. Monett,* 36 C.M.R. 335 (C.M.A. 1966). While we do recognize that a reprimand is a *de minimus* punishment and "has virtually no punitive effect," [2] it is nevertheless an authorized type of punishment [3] which does, however minutely, increase the severity of the overall sentence in this case.

In view of trial defense counsel's failure to comment on the issue at trial or in his post-trial submissions, the government would have us apply the doctrine of waiver. [4] Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1106(f)(6) [hereinafter cited as R.C.M.], provides that "[f]ailure of counsel for the accused to comment on any matter in the recommendation or matters attached to the recommendation in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error."

█ While the waiver rule is strictly applied, we cannot apply waiver to the convening authority's action in this case. The terms of the pretrial agreement are clear and unambiguous, yet the convening authority approved a sentence which exceeded the agreed upon limits. The approved sentence is clearly more severe than that agreed upon. This is plain error that materially prejudiced appellant and which was not waived by the trial defense counsel's failure to object. *See e.g., United States v. Moles,* 10 M.J. 154 (C.M.A.1981) (prejudicial error not waived by failure to object).

The action of the convening authority is set aside and the record is returned to The Judge Advocate General of the Army for referral to the same or a different convening authority for a new action that does not exceed the terms of appellant's pretrial agreement. *See* R.C.M. 1107(f)(2).

Senior Judge FELDER and Judge ROBBLEE concur.

1. While the language of a particular agreement could expressly restrict the approval of other types of punishment that might legally be adjudged, there was no such express restriction here.

2. *United States v. Cole,* 30 C.M.R. 755, 757 (C.G. B.R.1961).

3. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1003(b)(1).

4. The staff judge advocate's post-trial recommendation to the convening authority expressly recommended that the convening authority approve the sentence which he did in fact approve.