UNITED STATES

v.

**Prisoner Michael J. HARRY, FR 520–74–2369 United States Air Force.**

**ACM 26165.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 June 1987.

Decided 25 Sept. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Henry J. Schweiter.

Appellate Counsel for the United States: Colonel Joe R. Lamport.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MICHALSKI, Judge:

This case was submitted to us on its merits, however, we find that the portion of the sentence extending to a bad conduct discharge is in error.

On 30 August 1985 the accused was convicted by a general court-martial of indecent acts with a child in violation of Article 134, 10 U.S.C. § 934 of the Uniform Code of Military Justice and willfully disobeying an order of a superior commissioned officer in violation of Article 90, 10 U.S.C. § 890 of the Uniform Code of Military Justice. On 23 December 1985 this Court affirmed the findings and the approved sentence which consisted of a bad conduct discharge, 24 months confinement, total forfeitures and reduction to airman basic. Subsequently, The United States Court of Military Appeals denied the accused's petition for review and on 25 August 1986 his punitive discharge was ordered executed and was executed 28 November 1986. As of that date the accused was divested of enlisted status. 10 U.S.C. 101(17) states, "Enlisted member means a person in an enlisted grade." Although he was no longer an enlisted member, he was on that date a "person in the custody of the armed forces serving a sentence imposed by a court-martial". Uniform Code of Military Justice, Article 2(a)(7), 10 U.S.C. § 802(a)(7). As long as he remains a sentenced prisoner he is subject to the Uniform Code of Military Justice. R.M.C. 1003(b)(10), (c) provides in pertinent part that, "A bad-conduct discharge applies only to enlisted persons ...". Because his prior punitive discharge was executed on 28 November 1986, the appellant was not an enlisted person on the date the sentence was adjudged in the case *sub judice*. Therefore, the second punitive discharge was a legal nullity.

The findings of guilty and only so much of the sentence as provides for confinement for one year are

AFFIRMED.

Senior Judge FORAY and Judge MURDOCK concur.