UNITED STATES

v.

Alton D. GURGANIOUS, 092 54 4453, Corporal (E–4), U.S. Marine Corps.

NMCM 91 0465.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 14 May 1990.

Decided 26 Feb. 1993.

WILLIAM J. HOLMES, Esquire, Civilian Defense Counsel.

LT PETER VAN HARTESVELDT, JAGC, USNR, Appellate Defense Counsel.

Capt BRETT D. BARKEY, USMCR, Appellate Government Counsel.

Before LARSON, C.J., and STRICKLAND and ORR, Senior Judges.

ORR, Senior Judge:

Due to his involvement with "crack" cocaine, the appellant was convicted in accordance with his pleas of attempting to distribute, conspiring with another to distribute, using, and, on three separate occasions, distributing that controlled substance as violations, respectively, of Articles 80, 81, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 881, 912a. A military judge, sitting alone, sentenced the appellant to confinement for 15 years, forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence as adjudged but, as a matter of clemency, suspended "confinement in excess of 10 years ... for the period of confinement adjudged and one year thereafter...." The record of trial was forwarded to us for review in accordance with Article 66, UCMJ, 10 U.S.C. § 866.

Before this Court, the appellant has assigned two errors [1] and was given leave to file a third, supplemental error.[2] We will initially address the supplemently assigned error.

The appellant complains that the suspension of 5 years of his 15 year sentence to confinement for a period of 16 years violates Rule for Courts–Martial (R.C.M.)

1. I. THE SENTENCE ADJUDGED IS UNDULY SEVERE AND DISPROPORTIONATE TO THE OFFENSES COMMITTED AND THE CIRCUMSTANCES SURROUNDING THEM. II. THE MILITARY JUDGE ERRED IN REFUSING TO GRANT ANY RELIEF WHATSOEVER FOR BLATANT, KNOWING AND DELIBERATE VIOLATIONS OF SECNAVINST 1640.9A WHICH RENDERED THE CONDI-

TIONS OF APPELLANT'S PRETRIAL CONFINEMENT ILLEGAL.

2. THE CONVENING AUTHORITY'S PURPORTED SUSPENSION OF 5 YEARS CONFINEMENT FOR AS MUCH AS 16 YEARS IS UNREASONABLY LONG, AND IS A NULLITY. [Footnote omitted.]

1108(d), which provides, in part: "The period [of a suspension] shall not be unreasonably long." In support of this complaint, the appellant cites no cases interpreting this provision, and except for several decisions by the Army Court of Military Review [3] applying the Secretary of the Army's implementation of the quoted portion of R.C.M. 1108(d),[4] we have found no published opinions construing this Rule from the Manual for Courts–Martial (MCM), United States, 1984.

A similar, although arguably more permissive, provision was included in the 1969 MCM, which stated: "[T]he period of suspension should not be unreasonably long...." MCM, 1969 (Rev.), ¶ 88e. Applying that provision in a case where the period of suspension was approximately 16 months and terminated on the day the appellant's enlistment expired, the Air Force Court of Military Review did not find the period to be unreasonably long. *United States v. Wessels*, 8 M.J. 747 (A.F.C.M.R. 1980). In a case where the sentence adjudged included confinement for 20 years, the Army Court of Military Review did not find the suspension of confinement over 8 years for a period of 8 years to be unreasonably long. *United States v. Price*, 4 M.J. 849 (A.C.M.R.1978). Considering the suspension of both a discharge and confinement over 6 months for 30 months after release from confinement, the Army Board of Review found such a period to be excessive, however, even before the "unreasonably long" phrase appeared in the Manual for Courts–Martial. *United States v. Holloway*, 38 C.M.R. 571 (A.B.R.1967).

█ If we considered a suspension for a period of 16 years to be unreasonable under the circumstances of this case, there is another provision in R.C.M. 1108 which renders meaningless both the appellant's expressed fear of "the sword of Damocles" hanging over his head for 6 years or more after his release from confinement and the

Government's argument that such a provision is an eminently reasonable alternative to actually serving the additional 5 years. R.C.M. 1108(e) states, in part: "Death or separation which terminates status as a person subject to the code shall result in remission of the suspended portion of the sentence." The appellant's enlistment has already expired, and his status as a person subject to the UCMJ continues by virtue of Article 2(a)(7), UCMJ, 10 U.S.C. § 802(a)(7), which provides that persons in the custody of the armed forces serving a sentence imposed by a court-martial are subject to the UCMJ. *See United States v. Harry*, 25 M.J. 513 (A.F.C.M.R.1987). Therefore, as soon as the appellant's discharge is executed and he is released from confinement in an armed forces confinement facility, he will lose his status as a person subject to the UCMJ and any suspended punishments will be remitted. "Should the appellant be discharged or his status as a person subject to the Code be otherwise terminated, the suspended portion of the sentence would be automatically remitted by operation of law." *United States v. Thomas*, 45 C.M.R. 908, 910 (N.C.M.R.1972) (citation omitted). Consequently, any attempt to suspend punishments for any period after an accused's service of an executed sentence to confinement when the accused's enlistment has or will have expired is essentially superfluous. It may be reasonable to include some specific period after service of the executed sentence to cover any eventuality, but in light of the operation of R.C.M. 1108(e) and Article 2(a)(7) of the Code, we agree with the appellant that a suspension for 6 years or more after his release from confinement is unreasonable.

█ As to the appellant's remaining assignments of error, we find the sentence adjudged and ultimately approved by the convening authority to be appropriate under the circumstances of this case. We also conclude that the military judge did

---

3. *United States v. Kinney*, 22 M.J. 872 (A.C.M.R. 1986); *United States v. Snodgrass*, 22 M.J. 866 (A.C.M.R.1986); *United States v. Robertson*, 21 M.J. 1005 (A.C.M.R.1986).

4. R.C.M. 1108(d) also states: "The Secretary concerned may further limit by regulations the period for which the execution of a sentence may be suspended." The Secretary of the Navy has not issued regulations limiting R.C.M. 1108(d).

not abuse his discretion in regard to any of the findings he made concerning the defense motion at trial for additional pretrial confinement credit and that he did not err in denying the defense's motion. *United States v. Palmiter*, 20 M.J. 90 (C.M.A. 1985).

Accordingly, the findings of guilty and only so much of the sentence as provides for confinement for 15 years (with 5 years suspended for the period of actual confinement and one day thereafter), forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge are affirmed.

Chief Judge LARSON and Senior Judge STRICKLAND, concur.

