**UNITED STATES, Appellee,**

v.

**Staff Sergeant James L. DUNBAR, United States Army, Appellant.**

**ARMY 20010570.**

U.S. Army Court of Criminal Appeals.

16 Nov. 2004.

For Appellant: Colonel Robert D. Teetsel, JA; Lieutenant Colonel E. Allen Chandler, JA; Captain Fansu Ku, JA; Captain Linda A. Chapman, JA (on brief).

For Appellee: Colonel Lauren B. Leeker, JA; Lieutenant Colonel Margaret B. Baines, JA; Major Theresa A. Gallagher, JA; Captain Abraham F. Carpio, JA (on brief).

Before CAREY, Chief Judge, HARVEY, Senior Judge, and SCHENCK, Appellate Military Judge.

OPINION OF THE COURT

SCHENCK, Judge.

A military judge sitting as a special court-martial convicted appellant, consistent with his pleas, of larceny (three specifications), and making false and fraudulent claims against the United States (two specifications), in violation of Articles 121 and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 932 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for two

months, and reduction to Private First Class E3. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, and reduction to Private First Class E3. This case is before the court for review under Article 66, UCMJ, 10 U.S.C. § 866.

Appellate government and defense counsel agree that the military judge failed to resolve a mutual misunderstanding between the parties regarding a material term in appellant's pretrial agreement with the convening authority. Appellate counsel urge us to set aside the findings and sentence. We will grant this request in our decretal paragraph, and authorize a rehearing.

### Facts

Appellant's pretrial agreement states:

Any adjudged confinement of three (3) months or more shall be converted into a [bad-conduct discharge], which may be approved;[1] any adjudged confinement of less than three (3) months shall be disapproved upon submission by the accused of an administrative separation in lieu of court-martial IAW AR 635–200, Chapter 10.[2] The convening authority may approve all other lawful punishments adjudged by the court-martial. Any pretrial confinement credit shall be applied to the sentence finally approved by the convening authority.

A handwritten annotation stating "with an Other Than Honorable discharge" follows the words "Chapter 10." Appellant, as well as what appears to be trial defense counsel's initials, are written next to this note. Trial counsel, defense counsel, and appellant agreed on the record that the notation was part of the agreement.

Prior to findings, the military judge reviewed provisions in the pretrial agreement with counsel and appellant. *See* Rule for Courts–Martial [hereinafter R.C.M.] 910(f)(4). In accordance with the Military Judges' Benchbook,[3] the military judge asked trial defense counsel whether the quantum

portion of the pretrial agreement contained any conditions or terms other than a sentence limitation. Trial defense counsel replied that it did, but informed the military judge that he could not disclose those conditions "without violating the rules." The military judge then completed the standard inquiry regarding the agreement. *Id.*

After a brief recess, the military judge again questioned counsel regarding the conditions in the quantum portion. Trial defense counsel responded that the quantum portion "could be considered to be something other than a ... mere limitation on sentence." Trial counsel told the military judge that the only conditions in the quantum portion were sentence limitations. The military judge then questioned appellant who affirmed that the agreement did not contain anything other than a sentence limitation. After confirming that appellant still wanted to plead guilty, the military judge accepted the plea as provident.

After announcing the sentence, the military judge stated that the pretrial agreement allowed the convening authority to approve the reduction to the grade of E3 and the bad-conduct discharge. The military judge asked counsel about their understanding of the pretrial agreement's limitations on appellant's sentence. Trial defense counsel disagreed as to approval of the discharge, asked to submit the request for administrative separation in lieu of court-martial, and requested an opportunity to seek a deferral of confinement. Trial counsel told the military judge that the convening authority could not approve confinement, but could approve the discharge and reduction. Trial defense counsel posed the question, "How could we have an other than honorable discharge at the same time we have a bad[-]conduct discharge?" The military judge responded that the pretrial agreement did not expressly require the convening authority to disapprove the bad-conduct discharge. He then told the parties

---

1. Since this provision was not triggered in appellant's case, we decline to decide whether such an agreement violates public policy.

2. *See* Army Reg. 635–200, Personnel Separations: Enlisted Personnel, [hereinafter AR 635–

200], Chapter 10, Discharge in Lieu of Trial by Court–Martial (1 Nov. 2000).

3. Dep't of Army, Pam. 27–9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 2–2–6 (1 Apr. 2001).

that "the next sentence [of the agreement] says, 'The [c]onvening [a]uthority may approve all other lawful punishments adjudged by the court-martial.'"

The military judge informed counsel that the agreement "doesn't indicate anything about the [c]onvening [a]uthority's action on the Chapter 10." Trial defense counsel told the military judge, "We can agree to disagree on that point ... and I would respectfully request the opportunity to submit the request for Chapter 10 along with a request for deferment of confinement ...." The military judge never asked appellant about his understanding of the effect of the pretrial agreement on the adjudged sentence.

The staff judge advocate's (SJA) memorandum advising the convening authority regarding appellant's request to defer execution of the reduction in rank, forfeitures, and confinement states, "Due to SSG Dunbar's pretrial agreement, the convening authority agreed to disapprove any confinement by converting any adjudged confinement of three months or more into a bad-conduct discharge. SSG Dunbar was sentenced to 2 months confinement, therefore, SSG Dunbar has not and will not serve any confinement." The SJA's memorandum did not: (1) state whether the adjudged bad-conduct discharge could be approved; (2) explain whether the pretrial agreement required deferment or disapproval of two months of confinement; or (3) elucidate what the government was receiving in return for disapproving appellant's adjudged confinement.

The SJA's post-trial recommendation quoted the sentence limitations from the pretrial agreement and recommended that the convening authority approve "only so much of the sentence as provides for reduction to the grade of E3 and bad-conduct discharge." Trial defense counsel's R.C.M. 1105 submission included an unsigned[4] request on behalf of appellant for a Chapter 10 discharge in lieu of trial and made no reference to the "agreement to disagree" made at trial by

court-martial. *See* R.C.M. 1105 and 1106(f)(4).

In his post-trial affidavit submitted with appellate counsel's brief, appellant states "my trial defense counsel ... assured me that he would raise the issue of the misunderstanding regarding the quantum portion of my pretrial agreement to the convening authority. I do not know whether [he] was referring to the [R.C.M. 1105 submission] or through some other approach ...." Appellant's affidavit does not discuss his understanding of the quantum portion, assert that he was misled by the pretrial agreement, or indicate any expectation that the convening authority would implement the Chapter 10 discharge provision in exchange for his plea.

## Law

◼ The military judge is required to ensure that the accused understands the pretrial agreement and the parties agree to its terms. R.C.M. 910(f)(4); *see also United States v. King*, 3 M.J. 458 (C.M.A.1977); *United States v. Green*, 1 M.J. 453, 456 (C.M.A.1976). "The accused must know and understand not only the agreement's impact on the charges and specifications which bear on the plea, the limitation on the sentence, but also other terms of the agreement, including consequences of future misconduct or waiver of various rights." *United States v. Felder*, 59 M.J. 444, 445 (C.A.A.F.2004).

Once the sentence is announced, "[i]f the military judge determines that the accused does not understand the material terms of the agreement, or that the parties disagree as to such terms, the military judge shall conform, with the consent of the [g]overnment, the agreement to the accused's understanding or permit the accused to withdraw the plea." R.C.M. 910(h)(3).

## Discussion

As reflected in basic principles of contract law,[5] we accept the government's concession that "no meeting of the minds" occurred in this case. The terms on the face of the agreement are ambiguous because the pre-

---

4. The Chapter 10 discharge request was not signed by appellant as required by AR 635–200, para. 10–2c.

5. *See United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F.1999) (stating that "we look to basic principles of contract law when interpreting pretrial agreements") (citations omitted).

trial agreement does not specifically provide for whether the Chapter 10 request for discharge would be approved in lieu of the bad-conduct discharge if appellant was sentenced to less than three months of confinement and submitted a Chapter 10 request for discharge. The annotation on the pretrial agreement (written next to the Chapter 10 provision and indicating "other than honorable discharge") and trial defense counsel's statements at trial reflect a rational interpretation of the pretrial agreement. While the agreement did not specifically bind the convening authority to approval of a request for Chapter 10 discharge, there is a strong inference that if appellant received less than three months confinement the convening authority would approve a Chapter 10 discharge in lieu of the bad-conduct discharge. Appellant and trial defense counsel may have detrimentally relied [6] on such an interpretation.

Additionally, despite the apparent "misunderstanding" of a "material term" of the pretrial agreement at trial, the military judge failed to remedy the conflict by either ordering specific performance of the agreement or offering appellant the opportunity to withdraw from the plea. *See United States v. Smith,* 56 M.J. 271, 273 (C.A.A.F.2002) (citing *Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)); R.C.M. 910(h)(3). Instead, the parties left the courtroom "agreeing to disagree," with no discussion between appellant and the military judge about the issue.

Further, trial defense counsel did not raise the issue in the R.C.M. 1105 submission. As our superior court has stated, the convening authority and an accused may,

> avail[ ] themselves post-trial of the opportunity to renegotiate a new plea agreement to avoid a contest to the providence of the plea.... 'Where there has been a mutual misunderstanding as to a material term, the convening authority and an accused may enter into a written post-trial agreement under which the accused, with the assistance of counsel, makes a knowing,

voluntary, and intelligent waiver of his right to contest the providence of his pleas in exchange for an alternative form of relief.'

*United States v. Perron,* 58 M.J. 78, 86 n. 7 (C.A.A.F.2003) (quoting *Smith,* 56 M.J. at 279).

■ We agree with appellate defense counsel that the military judge should have personally discussed this provision with appellant to determine appellant's understanding on the record. *See generally United States v. Reedy,* 4 M.J. 505, 506 (A.C.M.R. 1977); Benchbook at para. 2–4–1. We also note that appellant's affidavit filed with our court does not explicitly assert that he believed the convening authority could not approve a bad-conduct discharge or was required to approve a Chapter 10 discharge. In any case,

> [i]t is fundamental to a knowing and intelligent plea that where an accused pleads guilty in reliance on promises made by the [g]overnment in a pretrial agreement, the voluntariness of that plea depends on the fulfillment of those promises by the [g]overnment.... [and] where there is a mutual misunderstanding regarding a material term of a pretrial agreement, resulting in an accused not receiving the benefit of his bargain, the accused's pleas are improvident.... In such instances ... remedial action, in the form of specific performance, withdrawal of the plea, or alternative relief, is required.

*Perron,* 58 M.J. at 82 (citations omitted).

■ The parties' statements at trial and the agreement's ambiguity establish that "a meeting of the minds never occurred with respect to the [discharge] provision in the pretrial agreement. On that premise, appellant is entitled to have his pleas of guilty withdrawn or to have the agreement conformed, with the [g]overnment's consent, to

---

6. *See Shepardson v. Roberts,* 14 M.J. 354, 358 (C.M.A.1983) (stating, "detrimental reliance may include any action taken by an accused in reliance on a pretrial agreement which makes it significantly more difficult for him to contest his guilt on a plea of not guilty"). *See also United States v. Villareal,* 52 M.J. 27, 30–31 (C.A.A.F. 1999) (stating that if detrimental reliance occurs, an accused is entitled to specific performance of the terms of a pretrial agreement).

appellant's understanding." *See United States v. Olson*, 25 M.J. 293, 298 (C.M.A. 1987). Because of the government's request that we set aside the findings and sentence, we decline to take remedial action "in the form of specific performance ... or alternative relief." *See United States v. Lundy*, 60 M.J. 52, 60 (C.A.A.F.2004).[7] We choose to "nullify the original pretrial agreement, returning the parties to status quo ante." *See Perron*, 58 M.J. at 86.

7. We reiterate that appellant failed to submit a signed request for a Chapter 10 discharge. We conclude that appellant has not complied with a critical term of his pretrial agreement. In light of the government's concession, however, we elect not to pursue fact finding to clarify this ambiguous situation.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Chief Judge CAREY and Senior Judge HARVEY concur.