# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

Before
**K.J. BRUBAKER, M.C. HOLIFIELD, A.Y. MARKS**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## EMMANUEL J. SMITH
## LANCE CORPORAL (E-3), U.S. MARINE CORPS

### NMCCA 201500194
### SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 9 March 2015.
**Military Judge:** LtCol D.M. Jones, USMC.
**Convening Authority:** Commanding Officer, Marine Fighter Attack Squadron 251, MAG 31, 2d MAW, U.S. Marine Corps Forces Command, Beaufort, SC.
**Staff Judge Advocate's Recommendation:** LtCol J.J. Murphy III, USMC.
**For Appellant:** CAPT Glenn G. Gerding, JAGC, USN.
**For Appellee:** CDR C. Eric Roper, JAGC, USN; Maj Suzanne M. Dempsey, USMC.

**29 October 2015**

---
### OPINION OF THE COURT

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of driving recklessly, three specifications of wrongfully using marijuana, and one specification of wrongfully possessing marijuana, in violation of Articles 111 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 911 and 912a. The appellant was sentenced to confinement for 240 days, reduction to pay grade E-1,

forfeiture of pay of $1000.00 per month for eight months, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged; however, pursuant to a pretrial agreement (PTA), the CA suspended all confinement in excess of 43 days.

In his sole assignment of error, the appellant contends that the CA's action is improper. First, he argues that the action purports to suspend confinement that had already run. Second, he argues that the period of suspension for the remaining period of confinement should have started when the appellant was released from confinement, not when the CA acted. We agree and order corrective action in our decretal paragraph.

Otherwise, after conducting a thorough review of the record of trial and allied papers, we are convinced that the findings and the sentence are correct in law and fact and that following our corrective action no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant was sentenced on 9 March 2015, after having served 44 days in pretrial confinement. As the PTA required suspension of all confinement in excess of 43 days, the appellant was released from confinement that day. The PTA stated that "all confinement in excess of 43 days will be suspended for the period of confinement served plus twelve (12) months thereafter."[1] The CA acted on the case on 3 June 2015, suspending all confinement in excess of 43 days, "with the suspension period [to] begin from the date of this action and continue for the period of confinement served plus twelve (12) months thereafter."[2]

## Errors in the Court-Martial Order

"[C]onfinement begins to run on the date it is adjudged, and the appellant is entitled to confinement credit once the confinement is adjudged, whether or not he is actually confined, unless the confinement is suspended or deferred." *United States v. Lamb*, 22 M.J. 518, 518 (N.M.C.M.R. 1986) (citation omitted). Here, the PTA had no clause deferring execution of that portion of confinement to be suspended from the date that the appellant

---

[1] Appellate Exhibit III at 1.

[2] CA's Action at 2.

2

was released from confinement until the date of the CA's action. Thus, despite the appellant's release from confinement on 9 March 2015, the appellant's confinement continued to run until the CA acted on 3 Jun 2015——86 days later.  Combined with the 44 days credit for pretrial confinement, the appellant should have been credited with serving 130 days of confinement, leaving only 110 days left to suspend.  The Government concedes the CA erred in purporting to suspend more.

The next question before us is whether the period of suspension started at the appellant's actual release from confinement or on the date the CA approved the sentence.  This court has long held that, absent evidence or agreement to the contrary, the period of suspension begins to run as of the date of the CA's action.  *United States v. Elliott*, 10 M.J. 740, 741 (N.C.M.R. 1981).  Fortunately for the appellant, the record here reveals such evidence to the contrary.

First, the plain language of the PTA——"for the period of confinement served plus twelve (12) months thereafter"——evinces an understanding that the period of suspension was to start when the appellant was released from confinement.  At sentencing, all parties were aware the appellant would be released from confinement that day.  The fact that confinement credit continued to accrue for lack of a *Lamb* clause does not change these facts.

Second, during a colloquy with the military judge regarding the PTA's sentence limitation terms, all parties agreed with the military judge's explanation:

> Do you understand that . . . that extra time I gave you is suspended?  It's held over your head, and it won't be remitted or disappear until 12 months thereafter.  So if you go out **after today's trial** and you . . . violate the pretrial agreement in any way . . . you could . . . have to do the rest of the sentence that you are protected for here.[3]

In so doing, the parties effectively agreed that the period of suspension would end on 8 March 2016.[4]  We find this agreement to

---

[3] Record at 150 (emphasis added).

[4] Taken as a whole, the colloquy demonstrates an understanding that the period of suspension began that day, rather than simply an understanding that any post-trial misconduct by the appellant would allow the CA to withdraw from the PTA.  When the military judge discussed Paragraph 12 of the PTA, which

constitute the law of the case, and binding on the CA as a term of the PTA.

Thus, the CA erred twofold in failing to enforce the terms of the PTA. When a CA fails to take action required by a pretrial agreement, this court has authority to enforce the agreement. *United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972).

## Conclusion

The findings and the sentence are affirmed. The supplemental court-martial order shall reflect that all confinement in excess of 130 days is suspended for a period ending 8 March 2016.

For the Court

R.H. TROIDL
Clerk of Court

---

addressed CA withdrawal, he made no mention of suspension. Record at 71. In contrast, the post-sentencing discussion quoted above focused on the terms of the suspension.

4