## UNITED STATES

### v.

### Romeo SANCHEZ, Jr., 464 96 1052, Sergeant (E–5), U. S. Marine Corps.

### NCM 77 1316.

U. S. Navy Court of Military Review.

Sentence Adjudged 19 April 1977.

Decided 13 Oct. 1977.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

ROOT, Judge:

At a special court-martial bench trial, appellant was convicted in accordance with his pleas of disobeying a lawful order, in violation of Article 92, UCMJ, 10 U.S.C. § 892, and assault upon a person in the execution of police duties, in violation of Article 128, UCMJ. He was sentenced to a bad conduct discharge, confinement at hard labor for 2 months, forfeiture of $250.00 pay per month for 2 months, and reduction to E–3. The convening authority approved the sentence but suspended for 6 months execution of the discharge, confinement in excess of 23 days, forfeitures in excess of $100.00 per month for 2 months, and reduction below E–4. The supervisory authority approved the sentence as approved and partially suspended by the convening authority.

Appellant has assigned two errors for our consideration:

I. THE CONVENING AUTHORITY IMPROPERLY APPROVED FORFEITURES AND A REDUCTION IN RATE IN EXCESS OF THOSE PERMITTED BY THE PRETRIAL AGREEMENT.

II. THE CONVENING AUTHORITY IMPROPERLY EXTENDED THE PROBATIONARY PERIOD BEYOND THAT AGREED UPON IN THE PRETRIAL AGREEMENT.

Respecting Assignment II, appellant is correct in pointing out that the 6-month suspension period established in the convening authority's action commences from the date of that action, vice the date of sentencing as provided for in the pretrial agreement. We shall order the necessary corrective action to eliminate the effects of this discrepancy.

As to Assignment I, appellant argues that the convening authority approved a greater portion of the adjudged sentence than he was authorized to approve under the terms of the pretrial agreement. We disagree. While the record reveals that the military judge initially understood the pretrial agreement to authorize approval of less than that finally approved by the convening authority (R. 74–77), it also clearly establishes that the convening authority approved no more of the adjudged sentence than appellant himself, through his own words (R. 77), indicated he understood to be

subject to such approval. It is the accused's understanding of the terms of a pretrial agreement, not that of the military judge, which must be so zealously assured before a guilty plea which rests thereon can be found to have been providently entered.[1] *See generally United States v. Green,* 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976); *United States v. Elmore,* 24 U.S.C.M.A. 81, 51 C.M.R. 254, 1 M.J. 262 (1976); *United States v. Holland,* 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975). The military judge's misunderstanding of the sentencing provisions of the pretrial agreement cannot be said to have prejudiced an accused where, as here, the military judge has delayed inquiry into the actual sentence limitations specified in the plea bargain until after announcing a sentence and adequate assurance appears on the record that the accused's understanding of the full meaning and effect of those limitations is in accord with that of the convening authority. *See United States v. Green, supra.*

Accordingly, the findings and the sentence as approved and partially suspended below are affirmed, but the period of suspension shall terminate on 18 October 1977, 6 months from the 19 April 1977 date of sentencing. A supplementary court-martial order shall be issued which correctly states the period during which the suspension shall remain in effect.

Chief Judge CEDARBURG and Judge GREGORY concur.

---

1. In the case at bar, it appears that the silence of the military judge after the appellant recited his understanding of the pretrial agreement connotes acceptance of appellant's interpretation by the military judge. The interpretation espoused by the appellant is an eminently reasonable interpretation in accord with the unfortunate ambiguous language employed.