UNITED STATES

v.

George Emmett MOORE, 287 62 9889, Torpedoman's Mate Seaman Apprentice (E–2), U. S. Navy.

NCM 78 0842.

U. S. Navy Court of Military Review.

Sentence Adjudged 10 March 1978.

Decided 15 Nov. 1978.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

LCDR Paul B. Thompson, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, BAUM and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted contrary to his pleas at a special court-martial bench trial of an unauthorized absence of almost 21 months, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, and sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $250.00 per month for 4 months, and reduction to pay grade E–1. Prior reviewing authorities initially approved the sentence, but the supervisory authority purported to suspend the unexecuted confinement and forfeitures in a supplemental action.

On appeal, the accused asserts that the court lacked jurisdiction because he was not informed of the charges prior to referral and that the evidence is insufficient to support the findings of guilty in view of the defenses raised by the accused. We disagree.

■ Although the charge sheet does not show that the accused was informed of the charge prior to referral, the defect is not jurisdictional and was waived by the defense failure to object at trial. *Compare*

*Manual for Courts-Martial, United States, 1969* (Revised edition), paragraph 32*f* (1) with 33*c* and 34. Just as failure to comply with paragraph 34 of the *Manual* and Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832, is waived by failure to object at trial, failure to comply with paragraphs 32*f* (1) and 33*c*, which require that the accused be informed of the charges prior to forwarding, is similarly waived. There is no question that the accused was in fact informed of the charge in this case, as he was served with a copy of the charge sheet 2½ weeks before trial. He cannot justifiably complain of prejudice.

■ The accused contends that the findings cannot be sustained because the Government did not refute the defense raised by the accused. The Government introduced documentary evidence to show that the accused was an unauthorized absentee for the period alleged, which established a *prima facie* case. The defense introduced a telegram sent to the accused by the ship from which he was absent. In response to his telegram requesting information to gain onward transportation after the completion of civilian medical treatment, his ship directed him to report to the nearest naval activity for assistance in obtaining a new port call and transportation to the ship. The ship's message requested that the activity, to which the accused would report when medical authority determined him fit for travel overseas, gain written certification of the accused's hospitalization/nonavailability for travel and forward it to the ship, and insure that the accused travelled under technical arrest orders because of his probable unauthorized absence status. The ship's telegram, which was dated 8 days after the commencement of the absence, does not show that the inception of the absence was the result of hospitalization or physical inability to travel. The status of absence without leave is not changed by a subsequent inability to return through sickness. Thus, under the circumstances, the ship's telegram did not raise the defense of physical impossibility. *Manual for Courts-Martial, United States,*

*1969* (Revised edition), paragraph 165. We do not construe the telegram as excusing, condoning, or terminating the accused's absence. The evidence establishes the guilt of the accused beyond a reasonable doubt.

■ In his supplemental action on sentence, the convening authority apparently attempted to suspend a period of confinement which had run and been served but had not been ordered executed, thereby increasing the severity of the sentence by subjecting the accused to the risk of an additional period of confinement in the event the suspension is vacated. We shall modify the sentence in order to cure the error.

The findings of guilty and so much of the sentence as provides for a bad-conduct discharge, forfeiture of $250.00 per month for 4 months and reduction to pay grade E–1, with the forfeitures probationally suspended until 15 June 1979 are affirmed.

Senior Judge DUNBAR and Judge BAUM concur.