**UNITED STATES**

v.

**Christopher A. WALZER, 301 56 2111, Boiler Technician Fireman (E–3) U. S. Navy.**

**NCM 78 0913.**

U. S. Navy Court of Military Review.

Sentence Adjudged 5 April 1978.

Decided 31 Jan. 1979.

LT Frank Joseph McDougald, Jr., JAGC, USNR, Appellate Defense Counsel.

LCDR Paul B. Thompson, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, FERRELL and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted pursuant to his guilty pleas of willful dereliction of duty and negligent destruction of military property, in violation of Articles 92 and 108, UCMJ, 10 U.S.C. §§ 892 and 908, and sentenced by a special court-martial composed of officer members to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $200.00 per month for 3 months, and reduction to pay grade E–1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for 2 months, forfeiture of $200.00 per month for 2 months, reduction to pay grade E–1, and attempted to probationally suspend 45 days of the approved confinement and 1 month of the approved forfeitures.[1] The supervisory authority clarified and approved the action of the convening authority.

In a summary assignment of error the accused contends that the military judge abused his discretion, committing prejudicial error, by not permitting the members to be reinformed of the impending expiration of the accused's enlistment when they questioned the judge about the possibility of an administrative vice a punitive discharge. We agree and purge the error and the effect of improper advice concerning the basis for the sentence by reassessing the sentence. We also modify the sentence to eliminate any risk of prejudice from the purported suspension of a period of confinement which had run prior to its suspension.

During presentencing proceedings, in his unsworn statement in extenuation and mitigation made through counsel, the accused indicated that he had a serious drug problem. More than half an hour after they closed for sentencing deliberations the members requested additional instructions concerning their authority to recommend a discharge less severe than a bad-conduct discharge and expressed concern that if they did not impose a bad-conduct discharge the accused could remain in the Navy, although the members wished him to be separated. Among other things, the judge advised the members that a recommendation for an administrative discharge was incon-

---

1. In construing the convening authority's action we have resolved the ambiguities in favor of the accused.

sistent with a sentence to a punitive discharge, if based on the same matters, that their recommendations would not be binding on the reviewing authorities and that if they determined such punishment to be appropriate, the only method by which they could remove the accused from the Navy was to adjudge a bad-conduct discharge. Defense counsel requested that information from page 1 of the charge sheet concerning the term of the accused's enlistment, which was due to expire in about 3 months, be read again to the members. The judge refused.

Whether a military judge permits a party to reopen a case and present further evidence is a discretionary matter resting with the judge. Whatever his decision there must be a reasonable showing to support it. *United States v. Kennedy*, 8 U.S.C.M.A. 251, 24 C.M.R. 61 (1957); *United States v. Eason*, 49 C.M.R. 844 (N.C.M.R. 1974). In order to arrive at a just sentence, the sentencing authority should have as much relevant information as the law permits. Paragraph 75*b*(1) of the *Manual For Courts-Martial, United States, 1969* (Revised edition), requires that the court be informed of the data concerning the length of the accused's service. Paragraph 76*b*(1) of the *Manual* requires that the judge's instructions on sentence be tailored to fit the facts and circumstances of the individual case. In light of the questions of the members, the instructions were not adequately tailored to the facts and circumstances of this case. *Cf. United States v. Jackson*, 6 M.J. 116 (C.M.A.1979). The members could have erroneously concluded that the accused, who had no present potential for continued service because of his drug problem, would remain in the service unless they adjudged a bad-conduct discharge. Under the circumstances, the judge's denial of the defense request that the members be reminded of the information concerning the impending expiration of the accused's enlistment, constituted an abuse of discretion and prejudicial error.

We note that contrary to the provisions of *Manual For Courts-Martial, United States, 1969* (Revised edition), paragraph 76 *b*(1), the judge advised the members that, although the maximum punishment was the jurisdictional limits of a special court-martial, the aggregate maximum confinement for the offenses was 9 months. The advice was improper and constituted error. *United States v. Green*, 11 U.S.C.M.A. 478, 29 C.M.R. 294 (1960); *United States v. White*, 3 M.J. 619 (N.C.M.R.1977).

There is a fair risk that the court members were influenced by these errors to impose a more severe sentence than they otherwise would have. Prejudice may be eliminated by reassessment and reduction of the sentence to a punishment no more severe than the court would have imposed in the absence of the errors. *Cf. United States v. Dukes*, 5 M.J. 71 (C.M.A.1978).

An error in the convening authority's action on the sentence also requires remedial action. The convening authority attempted to suspend a period of confinement which had already run. The accused was sentenced on 5 April 1978. The convening authority took his action on 23 May 1978, approving confinement at hard labor for 2 months and purporting to suspend 45 days thereof. In the absence of a proper deferment, any period of confinement included in a sentence of a court-martial begins to run from the date the sentence is adjudged. UCMJ, Article 57(b), 10 U.S.C. § 857(b). *See United States v. Ledbetter*, 2 M.J. 37, 41 (C.M.A.1976). The convening authority is not authorized to increase the punishment imposed by a court-martial. *Manual For Courts-Martial, United States, 1969* (Revised edition), paragraph 88a. *See United States v. Larner*, 1 M.J. 371 (C.M.A. 1976). Suspension of a period of confinement which has run increases the severity and impact of the punishment adjudged by subjecting the accused to a greater period of confinement than originally adjudged in the event that the suspension is vacated.

Consequently, a reviewing authority cannot suspend a period of confinement that has already run. *United States v. Moore*, 6 M.J. 644 (N.C.M.R.1978). We shall modify the sentence to eliminate any risk of prejudice.

Accordingly, the findings of guilty and, upon reassessment, so much of the sentence as approved on review below as provides for confinement at hard labor for 15 days, forfeiture of $200.00 per month for 2 months, and reduction to pay grade E–1, with for-feitures in excess of $200.00 per month for 1 month probationally suspended, are affirmed.

Senior Judge DUNBAR and Judge FERRELL concur.