# UNITED STATES

v.

**Donnie R. CLARK, 403 88 9066, Seaman Recruit (E–1), U. S. Navy.**

**NCM 80 2382.**

U. S. Navy Court of Military Review.

Sentence Adjudged 15 Feb. 1980.

Decided 31 Dec. 1980.

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before GREGORY, DONOVAN and GLADIS, JJ.

GLADIS, Judge:

On 15 February 1980, the accused was convicted pursuant to his guilty pleas at a special court-martial bench trial of three unauthorized absences totalling more than 17 months, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, and sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, and forfeiture of $295.00 per month for 4 months. A pretrial agreement provided for suspension of confinement in excess of 90 days and suspension of forfeitures in excess of $175.00 per month for 4 months for a period of 9 months from the date of trial. On 29 April 1980, the accused was released from post-trial confinement. On 18 June 1980, the convening authority approved the sentence but purported to suspend "those portions thereof adjudging forfeiture in excess of $175 pay per month for a period of four months and the remaining confinement at hard labor for a period of four months, on and after the date of 28 April 1980." The officer exercising general court-martial jurisdiction approved the sentence as approved and partially suspended by the convening authority.

Citing *United States v. Walzer*, 6 M.J. 856 (N.C.M.R.1979), the accused contends that the convening authority attempted to suspend a period of confinement which had already run and seeks appropriate relief.

In *Walzer*, finding that suspension of a period of confinement which has run increases the severity and impact of the punishment adjudged by subjecting the accused to a greater period of confinement than originally adjudged in the event that suspension is vacated, we held that a reviewing authority cannot suspend a period of confinement which has already run.

■ Article 57(b), U.C.M.J., 10 U.S.C. § 857(b), provides that any period of confinement included in a sentence of a court-martial begins to run from the date the

sentence is adjudged by the court-martial, but periods during which the sentence to confinement is suspended or deferred shall be excluded in computing the service of the term of confinement. Thus, once confinement is adjudged, only if it is then suspended or deferred does the accused not receive confinement credit. Whether he is actually confined is irrelevant under the language of Article 57(b). *United States v. Ledbetter*, 2 M.J. 37, 41 (C.M.A.1976).

In *United States v. Varnado*, 7 U.S.C. M.A. 109, 21 C.M.R. 235 (1956), the convening authority, acting 14 days after the accused had been sentenced and placed in confinement, approved and suspended, among other punishments, confinement at hard labor for six months, the entire period of confinement adjudged. The Court of Military Appeals rejected the Board of Review's determination that suspension of the entire period of confinement constituted an increase in the severity of the sentence. Noting that paragraph 97*a*, *Manual for Courts-Martial, 1951*, provided that a sentence, or any of its parts, may be suspended by the convening authority, and quoting Article 57(b), the Court found that, although the convening authority could prescribe the period of suspension, he could not require the accused to again serve the 14 days for which he was entitled to credit and did not purport to do so. The court interpreted the convening authority's action in the only manner in which it could be construed to be legal and found that he intended to suspend the period of confinement adjudged, but to give the accused the credit to which he was entitled by law if the suspension were subsequently vacated. Therefore, the severity of the sentence was not increased.

 In light of the holding in *Varnado*, *Walzer* must be narrowly construed and its application limited to those cases in which the period of confinement the convening authority attempts to suspend has run in its entirety. It does not apply to those cases in which only a portion of the period of confinement that the convening authority suspends has run. In the latter cases, of course, an accused is entitled to credit for the portion of the confinement which has run, if the suspension is subsequently vacated. The case before us is similar to *Walzer*. In *Varnado*, the Court interpreted the convening authority's action to give effect his presumed intent to suspend the entire period of confinement adjudged, but to credit the accused for the portion which had run, if the suspension was subsequently vacated. Here, and in *Walzer*, the entire period of confinement ran before the convening authority attempted to suspend a portion of it. Such an action cannot be reasonably interpreted to give effect to an intent to credit the accused with the confinement which has run. Where the entire period of confinement has run, no confinement remains to be suspended. No confinement remains to be executed if the terms of probation are violated. The convening authority cannot be presumed to have done a futile act. If he desired that the accused be credited with the confinement which had run, he could have disapproved rather than purported to suspend that confinement. The reasonable interpretation of his action is that he did not believe the accused was entitled to credit for confinement after his release. But an accused is entitled to credit for confinement once adjudged until it is suspended or deferred. *United States v. Ledbetter, supra* at 41. *See United States v. Varnado, supra.* A suspension of confinement is not retroactive from the date of the convening authority's action so as to toll the running of confinement at an earlier date. Whether the accused is actually confined is irrelevant.[1] *United States v. Ledbetter, supra.*

1. In the absence of an understanding to the contrary appearing on the record, the pretrial agreement in this case providing for suspension of confinement in excess of 90 days for a period of 9 months from the date of trial would be construed to require the accused's release from confinement within 90 days, even if the convening authority did not act within that period. If tolling of the running of confinement upon release in such a situation is desired, the agreement should provide for continued confinement in the absence of a request by the accused for deferment.

Here we cannot construe the language of the convening authority purporting to suspend a period of confinement which had run in its entirety to give it legal effect. Therefore, we shall modify the sentence to insure that the accused receives the credit for confinement to which he is entitled.

Accordingly, the findings of guilty and so much of the sentence as approved on review below as provides for a bad-conduct discharge, confinement at hard labor for 73 days, forfeiture of $295.00 per month for 4 months with forfeitures in excess of $175.00 per month for 4 months probationally suspended are affirmed.

Senior Judge GREGORY and Judge DONOVAN concur.