UNITED STATES

v.

**Llewellyn S. LAMB, 075 62 0655, Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 85 4726.**

U.S. Navy-Marine Corps Court of Military Review.

28 Feb. 1986.

LCDR JAMES J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT GARY K. VAN METER, JAGC, USNR, Appellate Defense Counsel.

CAPT H.C. LASSITER, USMCR, Appellate Government Counsel.

Before KERCHEVAL, Senior Judge, RAPP and GRANT, JJ.

GRANT, Judge:

The appellant was convicted at a special court-martial of offenses involving failure to go and willful disobedience of a commissioned officer and petty officer, in violation of Articles 86, 90, and 91, Uniform Code of Military Justice (UCMJ) 10 U.S.C. §§ 886, 890, 891, pursuant to his pleas of guilty. On 15 September 1985, he was sentenced to confinement for two months, forfeiture of $100.00 pay per month for two months, reduction to pay grade E–1, and a bad conduct discharge. The convening authority, on 4 December 1985, approved the sentence adjudged, but in accordance with the pretrial agreement purported to suspend confinement in excess of 45 days for a period of one year from the date of trial. The appellant assigns as error the convening authority's erroneous attempt to suspend a portion of the two months confinement adjudged after it had run in its entitety.

■■■■ Under Article 57(b), UCMJ, 10 U.S.C. § 857(b), confinement begins to run on the date it is adjudged, and the appellant is entitled to confinement credit once the confinement is adjudged whether or not he is actually confined, unless the confinement is suspended or deferred. *United States v. Ledbetter,* 2 M.J. 37 (C.M.A. 1976). In the present case, the pretrial agreement made no provision for requiring the appellant to request deferment of unexecuted confinement as a condition for requiring the convening authority to suspend

part of the confinement adjudged; nor was the sentence to confinement otherwise deferred or suspended by the convening authority prior to running in its entirety. Consequently, we conclude the convening authority erroneously attempted to partially suspend confinement that had already run, subjecting the appellant to a greater period of confinement than originally adjudged should the suspended portion of the sentence to confinement later be vacated, contrary to the proscription in *United States v. Clark*, 10 M.J. 655 (N.C.M.R.1980). In this regard, we specifically reject the Government's attempt, citing *United States v. Sanchez*, 4 M.J. 597 (N.C.M.R. 1977), and its progeny, to distinguish *Clark* by alluding in the present case to the trial judge's explanatory remarks that the suspension period was to commence on the date of trial and extrapolating therefrom the proposition that unserved confinement was thereby tolled until the convening authority's action. The Government's reading of *Clark* and reliance upon *Sanchez* is misplaced. The convening authority cannot suspend any portion of a sentence until it has been approved, which did not occur in the present case until the adjudged confinement had run in its entirety. *See United States v. Weishaar*, 5 M.J. 889 (N.C.M.R. 1978); and Rule for Courts-Martial 1108(b), *Manual for Courts-Martial, 1984.*

As the *Clark* and *Weishaar* rationale represented the applicable appellate case law at the time the pretrial agreement was bargained for, we will interpret the suspension provision therein accordingly where (1) the parties, during the providency inquiry, neither stipulated that the pretrial agreement was intended to constitute a request for and approval of deferment of unexecuted confinement effective on a date certain in accordance with the requirements of Article 57(d), 10 U.S.C. § 857(d) [1] (as a condition subsequent to the announcement of a sentence which includes confinement), nor

proffered that such a request would be timely tendered by the appellant and approved by an appropriate authority as part of the *quid pro quo* of the pretrial agreement, and (2) the convening authority attempted to suspend unexecuted confinement that had already run in its entirety by virtue of not having been previously suspended or deferred.

We will eliminate any risk of prejudice to the appellant by affirming the findings of guilty and only so much of the sentence, approved on review below, as provides for 45 days confinement, forfeiture of $100.00 pay per month for two months, reduction to pay grade E–1, and a bad conduct discharge. Our decision presumes the appellant was not required to serve confinement beyond that bargained for in the absence of any claim to the contrary.

Senior Judge KERCHEVAL and Judge RAPP concur.

---

1. Art. 57

    (d) On application by an accused who is under sentence to confinement that has not been ordered executed, the convening authority or, if the accused is no longer under his jurisdiction,

the officer exercising general court-martial jurisdiction over the command to which the accused is currently assigned, may in his sole discretion defer service of the sentence to confinement.