LT Wade W. Parrish, JAGC, USNR, Appellate Defense Counsel.

CDR P.J. McLaughlin, JAGC, USN, Appellate Government Counsel.

Before McLERAN, Senior Judge, and HILTON and RUBENS, JJ.

PER CURIAM:

Appellant was sentenced to confinement for 75 days, forfeitures of $300.00 pay per month for two months, reduction to E–1, and a bad-conduct discharge. He was entitled to a credit of 64 days against confinement adjudged. *United States v. Allen*, 17 M.J. 126 (C.M.A.1984).

Appellant and the convening authority entered into a pretrial agreement providing that confinement in excess of 90 days and forfeitures in excess of $250.00 pay per month for three months would be suspended for 12 months from the .ate of trial. In his action taken 37 days after trial, the convening authority purported to suspend confinement in excess of 64 days and forfeitures in excess of $250.00 pay per month for three months. The agreement contained a provision which constituted a request by appellant for deferment of "any confinement to be suspended pursuant to the terms of this agreement." It further provided that the period of deferment

## UNITED STATES

### v.

**Aaron R. SHROPSHIRE, 577 88 1531, Aviation Structural Mechanic (Structures) Third Class (E–4), U.S. Naval Reserve.**

**NMCM 89 3051.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 20 July 1989.

Decided 8 Dec. 1989.

would be from the date the accused was released from confinement *not* the subject of suspension until the date of the convening authority's action. Clearly, the aim of the parties was that the accused would not serve confinement intended to be suspended (all over 90 days) and that such confinement would not run by operation of law if the accused were released from the brig before the convening authority took action on the findings and the sentence.[1]

Because the confinement adjudged was less than the 90–day period of confinement appellant could be required to serve under the terms of the pretrial agreement, the convening authority was not bound to suspend any portion of the confinement. As a result, the built-in deferment request provision was not triggered, *contingent as it was upon there being confinement which the convening authority was required to suspend.* Moreover, the discussion in the record of the effect of the pretrial agreement upon the sentence reflects that the parties understood that appellant could lawfully be required to serve the entire 75–day sentence to confinement, meaning that with credit for 64 days of pretrial confinement, appellant could serve an additional 11 days of confinement after trial less credit for "good time." Nevertheless, on the basis of his legal officer's recommendation, the convening authority purported to suspend confinement in excess of 64 days.

There is nothing in the record of trial reflecting that confinement in excess of 64 days was deferred and in a footnote to the submission of the case without specific assignments of error appellate defense counsel asserts that appellant has not been prejudiced; we presume, therefore, that appel-

lant served the adjudged confinement or that it ran by operation of law if appellant was not confined after trial. In any case, we will eliminate any risk of prejudice to appellant by affirming the findings of guilty and only so much of the sentence approved on review below as provides for a bad-conduct discharge, reduction to E–1, confinement for 64 days, and forfeiture of $300.00 pay per month for two months. *United States v. Lamb*, 22 M.J. 518 (N.M.C.M.R. 1986). The suspension by the convening authority of forfeitures in excess of $250.00 per month is effective for the two month period adjudged by the court; however, insofar as such suspension purports to extend to a third month of forfeitures, it is a nullity.

---

1. We commend the effort made to avoid the *Lamb* problem by fashioning a provision in the pretrial agreement providing for a self-generating request for deferment and approval by the convening authority. The interests of both the accused and the convening authority are well-served: the accused is protected from serving confinement that it was agreed would be suspended; and, the convening authority is not faced with confinement having run by operation of law which he expected to be able to suspend in taking action on the record of trial. The deferment request provision is as follows:

The agreement constitutes a request by the accused for and approval by the convening authority of deferment of the portion of any confinement to be suspended pursuant to the terms of this agreement. The period of deferment will run from the date the accused is released from confinement pursuant to this agreement until the date the convening authority acts on the sentence. (*See United States v. Lamb*, 22 M.J. 518 (NMCMR 1986)).