UNITED STATES

v.

Ross A. WOOD, 478 72 3166,
Storekeeper Seaman (E–3),
U.S. Navy.

NMCM 90 2582.

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 9 May 1990.

Decided 16 Nov. 1990.

Lt Robert E. Wallace, JAGC, USNR, Appellate Defense Counsel.

Cdr James R. Cooper, JAGC, USNR–R, Appellate Defense Counsel.

LtCol J.S. Uberman, USMC, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

PER CURIAM:

We note that the convening authority's action in this case was taken on 16 July 1990, more than two months after the 9 May 1990 trial date, yet the convening authority purports to suspend confinement in excess of two months. The confinement awarded at trial was for three months. Since there is no indication in the record that the appellant requested deferral of the sentence to confinement, to suspend the remaining one month's confinement, the convening authority would have to have acted before two months of the sentence to confinement had run. Article 57(b), Uniform Code of Military Justice, 10 U.S.C. § 857(b); *United States v. Lamb*, 22 M.J. 518 (N.M.C.M.R.1986).[1] Since the appellant actually began his confinement on 28 March 1990, 42 days in advance of his trial, appropriate sentence crediting under *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984), requires that we consider the running of the appellant's sentence to confinement to have begun on 28 March. Consequently, the convening authority's ability to suspend one month's confinement ended on 27 May 1990, two months after the appellant began his stay in the brig. Absent a deferral of the sentence to confinement or the appellant's release from pretrial confinement, the convening authority's ability to suspend *any* portion of the three-month sentence to confinement expired on 26 June 1990, three months after the appellant entered the brig.[2] Since the convening authority did not act until 16 July 1990, there was no sentence to confinement left to be suspended in this case. Accordingly, the findings of guilty and only so much of the sentence as provides for forfeiture of $480.00 per month for three months, reduction to pay grade E–1, con-

---

1. Attempts by convening authorities to suspend confinement contrary to Article 57(b) and the *Lamb* decision continue to be a common problem.

2. Although 27 June 1990 would be the last day of three months, there would not be a day left of the sentence to confinement to be suspended. So to suspend one day, the convening authority would have to act the day before the sentence ran.

finement for 60 days, and a bad-conduct discharge are affirmed.

WILLEVER, C.J., and STRICKLAND and ORR, JJ., concur.