UNITED STATES

v.

Anthony T. CARTER, 266 53 8775,
Steelworker Third Class (E–4),
U.S. Navy.

NMCM 90 2922.

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 30 Nov. 1989.

Decided 14 Jan. 1991.

LT Randall L. Chambers, JAGC, USNR,
Appellate Defense Counsel.

LtCol J.S. Uberman, USMC, Appellate
Government Counsel.

Before ALBERTSON, Senior Judge,
LANDEN, and LAWRENCE, JJ.

PER CURIAM:

The convening authority took action on this uncomplicated record of trial 9 months after trial.[1] The record of trial is silent as to why it took so long to complete review. While we do not allocate fault for the delay, everyone in the review process must be mindful of the consequences of post-trial delay.

Until discharged, an appellant who has been awarded a punitive discharge at a court-martial remains on the service's personnel rolls and is entitled to military employment-related entitlements, even though he may be on appellate leave. Additional-

1. The trial counsel signed the record of trial on 14 December 1989 and the military judge authenticated the record of trial on 17 December 1989. The convening authority's action is dated 14 August 1990.

ly, in many cases the accused himself is anxious to make plans and get on with his life. Delays in the appellate process affect an appellant's employment and civilian schooling opportunities and hinder his rehabilitation and assimilation into the civilian community. The interest of both parties of a court-martial require individuals involved in the review process to make every effort to expedite post-trial processing of courts-martial.

For the reasons set forth in *United States v. Shely*, 16 M.J. 431 (C.M.A.1983), and *United States v. Clevidence*, 14 M.J. 17 (C.M.A.1982), we hold that no corrective action is required.

Appellant was sentenced on 30 November 1989 to be confined for 120 days, to forfeit $300.00 pay per month for 4 months, to be reduced to pay grade E–1, and to be discharged with a bad-conduct discharge. The convening authority's action dated 14 August 1990 provided that all confinement in excess of 90 days be suspended for a period of 6 months. Confinement begins to run on the date it is adjudged unless there is a deferment or suspension. There can be no suspension until the convening authority acts. Hence in the absence of a deferment, confinement will run from the date it is adjudged until the convening authority acts to suspend it. The convening authority erroneously attempted to suspend a period of confinement which had already run. *United States v. Lamb*, 22 M.J. 518 (N.M.C.M.R. 1986). Corrective action is required. We presume that the appellant was released from confinement in accordance with the terms of his pretrial agreement. When there is a pretrial agreement this problem can be avoided by including, in the agreement, the following clause:

> The agreement constitutes a request by the accused for, and approval by the convening authority of, deferment of the portion of any confinement to be suspended pursuant to this agreement. The period of deferment will run from the date the accused is released from confinement pursuant to this agreement un-

til the date the convening authority acts on the sentence.

The findings are affirmed. We affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for 90 days, forfeiture of $300.00 pay per month for 4 months, and reduction to pay grade E–1.