## UNITED STATES

### v.

**Daniel P. GACIOCH, 368 94 5087, Airman Recruit (E–1), U.S. Navy.**

**NMCM 91 0851.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 14 Nov. 1990.

Decided 15 Aug. 1991.

LT James R. Crisfield, Jr., JAGC, USNR, Appellate Defense Counsel.

LT J.C. Foster, JAGC, USNR, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

ORR, Judge:

We have examined the record of trial, the assignment of error,[1] and the Government's response, and we have concluded that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. The appellant pled guilty to an unauthorized absence, several disrespect offenses, and two disobedience of orders offenses pursuant to a pretrial agreement that contained an automatic deferment clause similar to the one suggested in *United States v. Carter*, 32 M.J. 830, 831 (N.M.C.M.R.1991) (*per curiam*), and in *United States v. Shropshire*, 30 M.J. 1125, 1126 n. 1 (N.M.C.M.R.1989) (*per curiam*).

The agreement provided that if the sentence adjudged at trial included a bad-conduct discharge, the convening authority would suspend any confinement adjudged in excess of ninety days. Since the appellant was in pretrial confinement for 58 days, it was undoubtedly apparent to all of the parties involved in the negotiation process that it was unlikely the convening authority would be able to act on the record of trial before 90 days of the sentence to confinement had run. Consequently, including the automatic deferment clause in the pretrial agreement had obvious advantages to both sides in those negotiations: The appellant would be released from confinement sooner than if the convening authority had refused to suspend any of the adjudged sentence to confinement, and the convening authority would be assured that the suspension would be meaningful even if his action on the case was delayed.

■ The appellant's actual sentence included confinement for 120 days, and when the convening authority acted, some 4 months after the trial, he suspended that portion of the confinement adjudged over 90 days for a period of 12 months from the date of trial. The period of the suspension has not run, and there is a possibility that the suspension could be vacated. Consequently, we do not find the issue raised by the appellant to be moot.

■ Contrary to the appellant's contention that his request for deferment was made before sentencing, the request, like the pretrial agreement in which it is contained, is conditional and may be withdrawn by him at the military judge's discretion at any time until the sentence is announced. R.C.M. 910(h)(1). Once the sentence is announced, the request becomes effective if the sentence includes confine-

---

1. THE CONVENING AUTHORITY'S ATTEMPT TO SUSPEND DEFERRED CONFINEMENT WAS IMPROPER BECAUSE THE APPELLANT'S REQUEST FOR DEFERMENT WAS MADE BEFORE SENTENCING, AND WAS THEREFORE VOID.

A. *Pretrial Agreements in Which the Accused Requests, and the Convening Authority Grants, a Deferment of any or all Confinement Adjudged Violate the Stricture of R.C.M. 1101(c)(2), and Must Not be Given Effect.*

B. *This Court's Decision in UNITED STATES v. CARTER Was an Abuse of its Judicial Power, and an Impermissible Advisory Opinion.*

ment in excess of the agreed amount. In any event, despite the appellant's stress on the "plain meaning" of R.C.M. 1101(c)(2), there is nothing in that rule about the timing of an accused's application for deferment. The phrase "upon written application of the accused" that appears in the rule is a condition on the convening authority's power to defer a sentence to confinement. The phrase "at any time after the adjournment of the court-martial" addresses when the appropriate commander may *effect* the deferment, as distinguished from when the accused may *request* the deferment. Consequently, we see no violation of Article 57, UCMJ, 10 U.S.C. § 857, or R.C.M. 1101(c)(2) in the operation of the deferment that occurred in this case. To the extent that our endorsements of an automatic deferment clause in pretrial agreements in *Carter* and *Shropshire* were dicta, we now elevate them to the level of a holding. Accordingly, we hold that the clause in this case is a valid request for deferment under Article 57, UCMJ, and R.C.M. 1101(c).[2] The findings of guilty and sentence as approved on review below are affirmed.

Senior Judge STRICKLAND concurs.

Chief Judge WILLEVER (Absent).

---

**2.** We note that the convening authority's action fails to report either the deferment or the date of the action on the request for deferment as required by R.C.M. 1101(c)(4). Since the date the sentence is adjudged becomes the date of the accused's request under our holding in this case, the date of the convening authority's action on the request, also being part of the pretrial agreement, is the same day. This requirement in R.C.M. 1101(c) assumes that the day the convening authority acts on the request will be the day confinement is deferred. When a deferment clause is used in a pretrial agreement, however, the deferment is prospective. Consequently, the day the accused is released from confinement becomes the relevant date that should be reported in the convening authority's action on the case. Absent a showing of prejudice, however, the convening authority's failure to report either the deferment or the date the deferment went into effect is not a substantive error.