# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

### v.

## Wade A. CALDWELL
### Seaman, U.S. Coast Guard

## CGCMS 24193

## Docket No.  1131

## 5 October 2000

Special Court-Martial convened by Commander, Coast Guard Group Southwest Harbor. Tried at Rockland, Maine on November 9, 1999.

| | |
|---|---|
| Military Judge: | CDR Gregory Shelton, USCG |
| Trial Counsel: | LTJG Andrea Katsenes, USCGR |
| Detailed Defense Counsel | LT Brian Summerfield, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LCDR Chris P. Reilly, USCG |

## BEFORE
## PANEL THREE
## BAUM, KANTOR & BRUCE,
Appellate Military Judges

Per Curiam:

Appellant was tried by a special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of failure to report for duty at the prescribed time and one specification of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of wrongful use of marijuana and one specification of wrongful use of cocaine in violation of Article 112a, UCMJ; and one specification of wrongful alteration of a military ID card in violation of Article 134, UCMJ.  Appellant was sentenced to a bad-conduct discharge, confinement for one hundred days, and reduction to E-1.  The convening authority approved the sentence as adjudged and, pursuant to the terms of the pretrial agreement, suspended all confinement in excess of 75 days for twelve months.

Before this Court, Appellant has assigned one error: that the convening authority's purported suspension of confinement in excess of 75 days was a nullity since that period of confinement had already run, and to eliminate any risk of prejudice, this Court should approve only so much of the sentence to confinement as provides for 75 days.  The

Government agrees with Appellant's assignment, as do we. A sentence to confinement runs, whether or not Appellant is incarcerated, unless it has been suspended or deferred at Appellant's request. *U.S. v. Lamb*, 22 M.J. 518 (NMCMR 1986), citing *U.S. v. Ledbetter*, 2 M.J. 37 (CMA 1976). In this case, there is no indication that any confinement was deferred or that the pretrial agreement provided for deferment of unexecuted confinement that was to be suspended. Accordingly, the entire sentence of 100 days confinement had run when the convening authority took his action on the sentence almost five months after the sentence was adjudged. For that reason, we will take the corrective action urged by Appellant.

Appellant also notes that pleas of not guilty were entered to a charge of violation of Article 92, UCMJ, and the two specifications under that charge, as well as two specifications in violation of Article 112a, UCMJ, but that those offense were not withdrawn, as intended by the Government. R. at 95. Moreover, despite indications to the contrary in the staff judge advocate's recommendation and promulgating order, the military judge did not find Appellant not guilty of these offenses, leaving their status unresolved.[1] Appellant suggests corrective action with regard to these offenses and the Government agrees that such action is warranted. Accordingly, we will dismiss the offenses that the trial counsel failed to withdraw, as intended.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings as to those charges and specifications to which Appellant pled guilty are correct in law and fact, and on the basis of the entire record should be approved. Those findings of guilty are affirmed. The offenses to which Appellant pled not guilty, Charge II and its specifications and specifications three and four of Charge III, are dismissed with prejudice. Only so much of the sentence approved below as provides for a bad conduct discharge, reduction to E-1, and confinement for 75 days is affirmed.



For the Court,

//s//
James P. Magner
Clerk of the Court

---

[1] Clearly, the failure to dispose of the offenses to which the accused pleaded not guilty was an oversight by the trial participants. If trial counsel intends to withdraw charges, that must be accomplished before findings are announced. In a case such as this, if specifications or charges to which the accused has pleaded not guilty are not withdrawn before findings are announced, the military judge should dispose of them along with the specifications or charges to which the accused has pleaded guilty—i.e., enter findings of guilty or not guilty. Rather than simply enter a finding of not guilty, the military judge may seek to clarify whether withdrawal should be accomplished before announcing findings.