# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**A.Y. MARKS, B.T. PALMER, P.D. LOCHNER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

**v.**

**PLEJHUR D. MAYS**
**HOSPITALMAN (E-3), U.S. NAVY**

**NMCCA 201500372**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 7 August 2015.
**Military Judge:** CDR I.K. Thornhill, JAGC, USN.
**Convening Authority:** Commanding Officer, Naval Medical Center, San Diego, CA.
**Staff Judge Advocate's Recommendation:** CDR Kevin W. Messer, JAGC, USN.
**For Appellant:** Maj Jason L. Morris, USMCR.
**For Appellee:** Mr. Brian K. Keller, Esq.

**21 April 2016**

---------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of 10 specifications of larceny and 5 specifications of wrongful appropriation, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The military judge sentenced the appellant to 12 months' confinement, forfeiture of two-thirds pay per month for 12 months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the adjudged sentence.

Although not assigned as errors, we note several issues in this case. First, the military judge failed to state the amount of forfeitures in whole dollars when he announced the sentence, as required by RULE FOR COURTS-MARTIAL 1003(b)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). *See United States v. Gaston,* 62 M.J. 404, 408 (C.A.A.F. 2006); *United States v. Nimmons*, 59 M.J. 550, 550 (N.M.Ct. Crim.App. 2003). That rule also provides that if a sentence includes a reduction then the forfeiture should be based on the grade to which the accused is reduced. Had the military judge complied with the rule and stated the forfeiture amount as a whole dollar amount at the reduced grade of E-1, it

would have been $1,031.00 per month. Given the CA's failure to correct and clarify the sentence in taking action, we will do so in our decretal paragraph.

Next we note two problems with the suspension of confinement in the CA's action. The appellant negotiated a pretrial agreement (PTA) with the CA that required the CA to suspend all confinement in excess of 89 days "for the period of confinement served plus six (6) months thereafter."[1] There was no provision in the PTA to defer the execution of any unserved confinement prior to the CA's action. *See United States v. Lamb*, 22 M.J. 518, 519 (N.M.C.M.R 1986). The appellant was sentenced on 7 August 2015 and, after receiving good time credit, was released from confinement on 20 October 2015.[2] Since unserved confinement was not deferred, the appellant's sentence to confinement continued to run until the CA acted on 11 November 2015, 96 days after trial.

In his action, the CA suspended confinement in excess of 89 days for 6 months from the date of his action.[3] The plain language of the PTA—"for the period of confinement served plus six (6) months thereafter"—evinces an understanding that the period of suspension was to end six months from the appellant's *release from confinement*, not from the CA's action. In addition, the CA purported to suspend 7 days of confinement that had already run, which would subject the appellant to a greater period of confinement than originally adjudged should the suspended portion of the sentence to confinement later be vacated. In sum, the appellant should have been credited with 96 days of confinement, and the 6-month suspension period should have been calculated from when the appellant was released from confinement. The appellant is entitled to the benefit of his bargain, and when a CA fails to take action required by a pretrial agreement, this court has authority to enforce the agreement. *United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972). We will take corrective action in our decretal paragraph to "eliminate any risk of prejudice." *Lamb,* 22 M.J. at 519.

### Conclusion

To correct the error of the military judge in announcing the sentence, we affirm only so much of the sentence extending to confinement for 12 months, forfeiture of $1,031.00 pay per month for 12 months, reduction to pay grade E-1, and a bad-conduct discharge. The supplemental court-martial order will reflect that all confinement in excess of 96 days was suspended until 20 April 2016, at which time, unless sooner vacated, the suspended part of the sentence was automatically remitted.

For the Court



R.H. TROIDL
Clerk of Court

---

[1] Appellate Exhibit III at 1.

[2] Clemency Request of 23 Oct 2015 at 1.

[3] CA's action at 2-3.