# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**B.T. PALMER, A.Y. MARKS, M.N. FULTON**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## JOHN A. CARPENTER
### CORPORAL (E-4), U.S. MARINE CORPS

### NMCCA 201600074
### SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 23 November 2015.
**Military Judge:** Maj M.D. Sameit, USMC.
**Convening Authority:** Commanding Officer, Combat Logistics Regiment 15, 1st Marine Logistics Group, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** LtCol T.B. Merritt, Jr., USMC.
**For Appellant:** Maj Jason L. Morris, USMCR.
**For Appellee:** CDR James E. Carsten, JAGC, USN; Maj Tracey Holtshirley, USMC.

### 21 June 2016

---------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

A military judge, sitting as a special court martial, convicted the appellant, pursuant to his plea, of one specification of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. The convening authority (CA) approved the adjudged sentence of sixty days' confinement, reduction to pay grade E-1, and a bad-conduct discharge.

In his sole assignment of error, the appellant alleges the CA erred by failing to suspend the appellant's bad-conduct discharge as required by the pretrial agreement. The Government concedes error, and asks us to affirm a sentence of 60 days' confinement and reduction to pay

grade E-1. We agree that the CA erred by failing to suspend or disapprove the bad-conduct discharge and grant relief.

## BACKGROUND

On 13 March 2015, the appellant was standing barracks duty with JDD, a subordinate female Marine. At approximately 0100, the appellant went into a room adjacent to the duty hut to sleep. About five minutes later, the appellant called JDD into the adjacent room, grabbed her wrist, and pulled her hand toward his body. The appellant's penis was exposed. JDD told the appellant "no" and broke free. JDD left the room. She reported the offense several hours later.

The appellant was initially charged with sexual assault. The appellant entered into a pretrial agreement, in which he agreed to plead guilty to assault consummated by a battery and waive his right to an administrative discharge board. In return, the CA agreed to withdraw and dismiss the sexual assault charge, and to suspend any adjudged bad-conduct discharge until such time as the appellant was administratively separated, at which time the discharge was to be remitted.

The appellant successfully pleaded guilty to assault consummated by a battery and waived his right to an administrative discharge board. In his recommendation to the CA, the staff judge advocate reported that the appellant had been administratively separated from the Marine Corps and recommended that the CA remit the bad-conduct discharge. In his action, however, the CA approved the bad-conduct discharge as adjudged.

## DISCUSSION

The appellant alleges, and the Government concedes, that the CA erred by approving the appellant's bad-conduct discharge. The appellant is entitled to the benefit of his bargain, and when a CA fails to take action required by a pretrial agreement, this court has authority to enforce the agreement. *United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972). We will take corrective action in our decretal paragraph to "eliminate any risk of prejudice." *United States v. Lamb,* 22 M.J. 518, 519 (N.M.C.M.R 1986).

## CONCLUSION

The findings and so much of the sentence as provides for 60 days' confinement and reduction to pay grade E-1 are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

2