# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

No. 201600426

———————————————

## UNITED STATES OF AMERICA
Appellee

v.

## JAVIER K. FIGUEROA
Corporal (E-4), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Deborah S. Mayer, JAGC, USN.
Convening Authority: Commander, U.S. Marine Corps Forces Command, Norfolk, VA.
Staff Judge Advocate's Recommendation: Colonel Robert A. Fifer, USMC.
For Appellant: Lieutenant Donald R. Ostrom, JAGC, USN.
For Appellee: Brian S. Keller, Esq.

———————————————

Decided 13 April 2017

———————————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of an orders violation, assault consummated by battery, and reckless endangerment, in violation of Articles 92, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 928, and 934. The military judge sentenced the appellant to 18 months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening

authority (CA) approved the sentence as adjudged and, pursuant to a pretrial agreement (PTA), suspended all confinement in excess of six months.

As an act of clemency, the CA suspended an additional 14 days of the appellant's sentence to confinement and commuted 4 days' confinement to restriction. Prior to taking this action, the CA considered the appellant's clemency matters in which the appellant requested "his discharge be upgraded to an other than honorable [discharge] and one month be reduced from his sentence."[1] In his addendum, the staff judge advocate favorably endorsed some form of clemency for the appellant, recommending the additional suspension and the commutation of confinement to restriction ultimately adopted by the CA.[2]

Although no issues were raised by the parties, we must address the unlawful post-trial actions taken by the CA in this case.

Pursuant to nearly three-year-old changes to Article 60, UCMJ, a CA may not "disapprove, commute, or suspend in whole or in part an *adjudged* sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge" unless certain exceptions apply.[3] As a result of these well-publicized changes, the CA was prohibited from granting the additional relief requested by trial defense counsel and endorsed by the staff judge advocate. In other words, the CA's act of clemency was a legal nullity. *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (holding such an action by the CA to be *ultra vires*).

However, under Article 57(b), UCMJ, "confinement begins to run on the date it is adjudged, and the appellant is entitled to confinement credit once the confinement is adjudged whether or not he is actually confined, unless the confinement is suspended or deferred." *United States v. Lamb*, 22 M.J. 518, 518 (N.M.C.M.R. 1986) (citing *United States v. Ledbetter*, 2 M.J. 37

---

[1] Trial Defense Counsel's request ltr 5817 DSO/jgm of 28 Nov 16 at 1. In an earlier request, the appellant sought deferment and waiver of automatic forfeitures, which was subsequently granted by the CA.

[2] Staff Judge Advocate's Recommendation Addendum of 2 Dec 16 at 1.

[3] National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672, 956-57 (2013) (emphasis added). One such exception, permitting suspension pursuant to a PTA of a period to confinement, did apply to the appellant's case, but only inasmuch as was permitted by the specific language of the PTA. *See United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) ("Given Congress'[s] clear desire to limit CA discretion in granting post-trial sentencing relief [in Article 60, UCMJ], we are unable, as the government urges, to read this agreement so broadly as to permit the CA to grant relief that was not specifically contained within the [PTA].").

(C.M.A. 1976)). As the additional 18 days' confinement was improperly suspended and commuted, the appellant's period of confinement continued to run. Therefore, his total confinement period should be calculated just as it would have been had he remained confined for the entirety of those 18 days.

### III. CONCLUSION

The findings and sentence as approved by the CA are affirmed.


For the Court


R.H. TROIDL
Clerk of Court