# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

## No. 201700139

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## JALEN J. BAILEY
Corporal (E-4), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Leon J. Francis, USMC.
Convening Authority: Commanding Officer, 3d Marine Regiment
(REIN), 3d Marine Division (-) (REIN), MCBH, Kaneohe Bay, HI.
Staff Judge Advocate's Recommendation: Lieutenant Colonel
Timothy S. Taylor, USMC.
For Appellant: Lieutenant Colonel Lee C. Kindlon, USMCR.
For Appellee: Brian S. Keller, Esq.

————————————

Decided 13 June 2017

————————————

Before CAMPBELL, FULTON, and MILLER, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

A military judge convicted the appellant, pursuant to the appellant's guilty pleas, of four specifications of wrongful drug use—violations of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a—and sentenced him to nine months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved a sentence of confinement for 125 days, reduction to pay grade E-1, and a bad-conduct discharge.

While this case was submitted for appellate review with no specific assignment of error, we address the CA's action on the sentence and the pretrial agreement's nonsensical terms which led to it. We find the CA attempted to disapprove more confinement than allowed by Article 60(c)(4)(C), UCMJ, and RULE FOR COURTS-MARTIAL (R.C.M.) 1107(d)(1)(C)(ii), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.),[1] but the legal nullity of that action did not prejudice the appellant and requires no remand for further post-trial processing in the specific context of this case.

The pretrial agreement contemplated the appellant's release from post-trial confinement whenever—before the CA's action on the sentence—space was available for him to participate in a scheduled drug treatment program at a specific treatment facility.[2] The parties also intended to preserve the possibility of him ultimately serving the entire adjudged confinement amount if the appellant failed to complete the scheduled treatment.[3]

Article 57a(a), UCMJ, and R.C.M. 1101(c) authorize an accused to request, and a CA to approve, deferment of any confinement period before a CA's action. However, this pretrial agreement included no approved request to defer service of the appellant's adjudged confinement during his drug treatment period before the CA's action. Instead, it provided:

> any confinement adjudged beyond the date I am to enter Substance Abuse Rehabilitation Program (SAPR) [sic] on 22 February 2017, or sooner as dictated by the facility's availability, will be *suspended until the convening authority takes action, at which point, any remaining adjudged confinement will be disapproved*.[4]

---

[1] If there is a pretrial agreement, the CA "shall have the authority to approve, disapprove, commute, or suspend a sentence, in whole or in part, pursuant to the terms of the pretrial agreement").

[2] "I agree to enter into the Substance Abuse Rehabilitation Program at Point Loma, Naval Station San Diego, or an equivalent program. The government agrees to refer me to a substance abuse treatment facility, as prescribed by the Substance Abuse Counseling Center or SACO. The government agrees not to separate me from the Marine Corps while I am attending treatment at Point Loma, or equivalent facility." Appellate Exhibit (AE) III at ¶ 16.h.

[3] "I understand that if I fail to enter the inpatient treatment program, leave the treatment program voluntarily, or fail to complete the inpatient treatment program for any reason, the convening authority may take action to vacate any suspended portion of the adjudged sentence, or separate me from the Marine Corps." *Id.*

[4] AE IV at ¶ 2 (emphasis added).

The CA purported to act on the sentence in accordance with these negotiated terms:

> In the Special Court-Martial case of United States v. Corporal Jalen J. Bailey, U.S. Marine Corps, only so much of the sentence as provides for reduction to pay grade E-1, confinement for 125 days, and discharge from the service with a bad-conduct discharge is approved. All confinement suspended pursuant to the pre-trial agreement is disapproved.[5]

Under Article 60, UCMJ, and R.C.M. 1107, only adjudged confinement that is approved may be suspended as part of the CA's action on the sentence. No punishments can be suspended before the CA's action. Since the adjudged confinement covering the appellant's drug treatment program was neither deferred nor suspended, it ran—as if the appellant was actually confined—until the CA's action. Art. 57(b), UCMJ. *See United States v. Lamb*, 22 M.J. 518, 518 (N-M.C.M.R. 1986) ("[C]onfinement begins to run on the date it is adjudged, and the appellant is entitled to confinement credit once the confinement is adjudged whether or not he is actually confined, unless the confinement is suspended or deferred."). The appellant's confinement period must be calculated accordingly.

The CA purported to approve only 125 days of the adjudged 9 months' confinement and to specifically disapprove confinement between the appellant's release for the drug treatment program through the CA's action. At his 19 January 2017 guilty plea, the appellant was credited with having served 91 days of pretrial confinement (from 20 October 2016), and the CA took action 89 days after trial (on 17 April 2017). Thus the appellant is credited with having served 180 days of confinement as of the date of the CA's action.

The pretrial agreement authorized disapproval of only "any remaining adjudged confinement" at the time of the CA's action. The adjudged confinement actually remaining at the CA's action did not include the credited 180 days. Given the limits on the CAs' ability to alter periods of adjudged confinement exceeding 6 months—pursuant only to the terms of the pretrial agreement—under Article 60(c)(4)(C), UCMJ, approval of only 125 days of confinement here was a nullity. *United States v. Kruse*, 75 M.J. 971 (N-M. Ct. Crim. App. 2016).

"Rather than unnecessarily ordering a new CA's action in this case, we take the existing CA's action and disregard any portion that is not permitted by law." *Id.* at 975. Consequently, we affirm the findings and only so much of

---

[5] Special Court-Martial Order No. 03-2017, at 2.

the sentence as provides for reduction to pay grade E-1, confinement for 180 days, and a bad-conduct discharge.

For the Court



R.H. TROIDL
Clerk of Court